AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| *Plaintiff* <br> v. <br> *Defendant* | ) ) ) ) ) ) Civil Action No. |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Schedule A

## DEFINITIONS

The following definitions apply to the Requests:

1. "Agreement" means any contract or other written arrangement between parties.

2. "All" includes the collective as well as the singular and means each, any, and every.

3. "Any" means one or more.

4. "Chipsets" mean baseband chipsets, including those compliant with any 3G, 4G, or 5G standards.

5. "Class" refers to the Class in *In Re: Qualcomm Antitrust Litig.*, Case No. 5:17-md-02773-LHK (N.D. Cal).

6. "Class certification" refers to the class certification judgment in *In Re: Qualcomm Antitrust Litig.*, Case No. 5:17-md-02773-LHK (N.D. Cal)

7. "Communicate," "Communicating," "Communicated," and "Communication" means any oral or written transmission of information, thought or opinion, Including without limitation e-mails, text messages, instant messages, voice messages, uploading or downloading of Documents on a file-sharing, hosting, or other website, and other electronic transmissions, and correspondence,

1

memoranda, reports, presentations, face-to-face conversations and meetings, telephone conversations or conference calls, negotiations, Agreements, inquiries, understandings, notes, or recorded information, regardless of whether a party that receives any Communication responds to it.

8. "Concerning" means without limitation, the following concepts: referring to, regarding, relating, discussing, describing, reflecting, concerning, dealing with, pertaining to, analyzing, evaluating, evidencing, estimating, containing, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

9. "Date" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events.

10. "Document" means the original and all non-identical copies (Including copies that are non-identical by reason of any notation made on them) of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure, Including, without limitation, Agreements, Communications, e-mails (and all attachments), letters, correspondence, text messages, instant messages, voice messages, memoranda, facsimiles, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports,

price lists, business or strategic plans, presentations, market studies, forecasts, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, spreadsheets, sales or purchase documentation, advertising and promotional literature, stored recordings, agendas, attendee lists, minutes or other records of meetings (formal or informal), all written or graphic records or representations of any kind, and all physical, mechanical or ESI, and all drafts or partial copies, versions, alterations, modifications, changes and amendments of any of the foregoing.

11. "Electronically Stored Information," abbreviated as "ESI," has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation:

a. structured and unstructured Data, as those terms are defined in *The Sedona Conference Glossary: E-Discovery & Digital Information Management*, Fourth Edition, April 2014, available at https://thesedonaconference.org/publications;

b. activity listings of electronic mail receipts and/or transmittals;

c. output resulting from the use of any software program,

3

Including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger or any other instant or direct messaging program, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether the output exists in an active file, a deleted file, or file fragment;

      d.    any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a mobile device or personal digital assistant (*e.g.*, Blackberry, iPhone, other brands of smart phones or similar devices) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

      e.    any and all items stored on voice-mail systems, internal or external websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Snap Chat, WhatsApp, and other social websites listed at http://en.wikipedia.org/wiki/List_of_social_networking_websites); and

4

   f. any and all data, data compilations, and data analyses.

  12. "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent, independent contractor, or other Person who is or was employed or hired by You.

  13. "Ericsson" refers to Telefonaktiebolaget LM Ericsson, a telecommunications service provider headquartered in Stockholm, Sweden, and any of its subsidiaries and/or affiliates.

  14. "FTC" refers to the Federal Trade Commission in the United States.

  15. "FTC Proceedings" refer to *Federal Trade Commission v. Qualcomm Inc.*, 5:17-cv-220-LHK (N.D.), and the preceding FTC investigation.

  16. "Includes" means includes but is not limited to; "including" means including but not limited to, and neither should be construed as limiting a Request in any way.

  17. "InterDigital" refers to the technology research and development company headquartered in Wilmington, Delaware, and any of its subsidiaries and/or affiliates.

  18. "License" means the legal permission granted by the owner of intellectual property rights ("Licensor") to another party ("Licensee"), allowing them to use the protected intellectual property.

19. "Nokia" refers to Nokia Corp., a multinational telecommunications company headquartered in Espoo, Finland, and any of its subsidiaries and/or affiliates.

20. "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a Request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as all information about both A and B. In other words, "or" and "and" should be read as and/or.

21. "Qualcomm" refers to Qualcomm, Inc., an American telecommunications corporation headquartered in San Diego, California.

22. "Rationale" means the set of reasons, bases, or underlying assumptions for a course of action or belief.

23. "Relating to," "Regarding," "Reflecting," "Referring to," and "Concerning," unless otherwise indicated, mean Including, summarizing, demonstrating, constituting, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with, or otherwise involving, in whole or in part.

24. "Royalty" or "royalties" refer to a payment made by the Licensee to the Licensor for the use of intellectual property.

25. "SEP License Agreements" refer to Agreements for Licenses relating to standard essential patents.

26. "Subscriber units" are end-user devices, such as mobile phones, that connect to a cellular communication network.

27. "U.S. Class Action" refers to *Qualcomm Antitrust Litigation*, Case No. 5:17-md-02773-LHK (N.D. Cal.).

28. "You," "Your," or "Your company" means Samsung Semiconductor, Inc. and/or Samsung Electronics America, Inc. (the "Samsung Entities"), its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, Including without limitation any organization or entity which the Samsung Entities currently own (including any beneficial ownership), manages or controls, or has in the past owned (including any beneficial ownership), managed or controlled, together with all present and former directors, officers, Employees, agents, representatives or any persons acting or purporting to act on behalf of the Samsung Entities.

## **INSTRUCTIONS**

1. Unless otherwise specified, "Relevant Period" or "Relevant Time Period" for the information sought below is January 1, 2006 through to December 7, 2023. The Requests seek all responsive documents created or

generated during the relevant time period, as well as responsive documents created or generated outside the relevant time period but containing information relating to the relevant time period.

2. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests are continuing in nature, so that if You subsequently discover or obtain possession, custody or control of any Documents or ESI previously requested or required to be produced, You shall make such Documents or ESI available within seven (7) days of discovering or obtaining possession of them. Similarly, any information or Documents provided in response to these Requests that is later found to be incorrect, or to have become incomplete or incorrect because of changed circumstances, should be completed or corrected by means of a supplemental response.

3. Provide a complete written answer to each of the Requests.

4. In producing Documents, furnish all Documents in Your possession, custody or control, regardless of the physical location of the Documents, or whether You physically possess such Documents.

5. The Documents produced in response to these Requests shall be organized either to correspond to the categories in these Requests, or as they are kept in the ordinary course of business.

6.  Documents shall be produced in such fashion as to identify Your department, branch or office having possession, custody or control of the Documents and, where applicable, the natural person or persons in whose possession, custody or control they were found and the business address of each such person.

7.  If a Document is lost or missing, has been destroyed, or is otherwise unavailable, You should provide information sufficient to identify the Document and explain the circumstances surrounding the disposition of the Document, including the following:

   a.  explain why the Document is unavailable, specifying how the Document was lost, missing or destroyed, or otherwise became unavailable;

   b.  for any Document that has been destroyed, identify all persons who were involved in making or effecting the decision to destroy the Document; and

   c.  for any Document that has been transferred or delivered, voluntarily or involuntarily, to another person or entity, identify all persons who were involved in making or effecting the decision to transfer or deliver the Document.

   d.  the identity of the person or entity that last possessed the

Document;

        e.    the date of the Document's disposition; and

        f.    the identity of all persons who have or had knowledge of the Document's contents.

8.    If You object to any of these Requests, or any definition or instruction incorporated therein, state the reasons for Your objection with specificity and answer the Request to the extent it is not objectionable. The attorney making an objection shall sign that objection. If You file a timely objection to any portion of a Request, definition, or instruction, respond to the remaining portion.

9.    Produce all Documents not otherwise responsive to the Requests that mention, discuss, refer to, or explain any responsive Document that are attached to the responsive Document (*e.g.*, routing slip, transmittal memorandum, cover sheet, etc.).

10.    In responding to the Requests, include all Documents: (a) obtained from witnesses who gave information to any governmental agency or investigatory body; (b) constitute, or refer or relate to, summaries of testimony or other statements in connection with any governmental agency's proceeding or investigation; or (c) obtained on Your behalf by counsel in preparing for testimony or interviews before any governmental agency or investigatory body.

# DOCUMENT REQUESTS

## Request No. 1

Unredacted versions of the following documents as provided by You to Qualcomm, the FTC, or the Court in the FTC Proceedings:

a. Depositions (or transcripts of depositions) of
   i. Injung Lee
   ii. Andrew Hong
   iii. Seungho Ahn
   iv. Yooseok Kim

b. Documents selected to be used as exhibits by the FTC or Qualcomm or jointly at trial (list of documents contained in Annex).

c. Any other depositions, submissions, briefs, witness statements and expert reports provided by You for the purposes of the FTC Proceedings which relate to substantive rather than procedural issues.

## Request No. 2

Unredacted versions of the following documents as provided by You to Qualcomm, the representatives of the class or the Court in the U.S. Class Action:

a. The documents produced and depositions given by You which are considered by Dr. Michael Lasinski in the U.S. Class Action (list contained in Annex);

b. Any other depositions, submissions, briefs, witness statements and expert reports provided by You for the purposes of the U.S. Class

11

Action which relate to substantive rather than procedural issues.

**<u>Request No. 3</u>**

Documents held by You which:

a. date from the period during which You were considering entering into or negotiating the license renewal between You and Qualcomm dated June 30, 2022; and

b. address or evidence the extent to which You were or considered Yourself to be reliant on Qualcomm for the supply of Chipsets at that time.

**<u>Request No. 4</u>**

SEP license agreements (including cross-license agreements, related settlement agreements, amendments to such agreements, side letters) for LTE technology (including with backwards compatibility) relating to subscriber units (or end-user devices) between the below SEP owners and You, including in particular (but without limitation) any agreements corresponding to the following descriptions:[1]

    a. Samsung – Ericsson
        i. Dated May 2021
       ii. Dated January 2014
      iii. Dated July 2007

---

[1] This category would include determinations made by a Court/arbitration panel on any of the license rates or terms of the agreements.

    b. Samsung – Nokia
        i. Dated January 2023
        ii. Dated October 2018
        iii. Dated January 2014

    c. Samsung – InterDigital
        i. Dated January 2023
        ii. Dated June 2014

**Request No. 5**

Documents which set out the rationale for or assumptions underlying the level of the royalties payable pursuant to the agreements in Request 4, for example the value attributed to any SEPs which are the subject of the license (and any applicable cross license) and the volumes of any relevant past or forecast sales. Such documents may include internal business case documents produced by You or documents sent to or received from the counterparties to the agreements identifying any such rationale/assumptions.

## Annex 1

**Category A – Trial exhibits from the FTC Proceedings**

| Samsung | Samsung | Samsung | Samsung |
|---|---|---|---|
| CX2564A | CX2673 | QX0551 | QX0575 |
| CX2568A | QX0519 | QX0551B | QX0578 |
| CX2587 | QX0520 | QX0556 | QX0577 |
| CX2608 | QX0521 | QX0557 | QX0579 |
| CX2609 | QX0522 | QX0558 | QX0580 |
| CX2611 | QX0524 | QX0560 | QX0582 |
| CX2619A | QX0530 | QX0561 | QX0583 |
| CX2621A | QX0534 | QX0562 | |
| CX2624 | QX0539 | QX0564 | |
| CX2628 | QX0548 | QX0565 | |
| CX2641A | QX0549 | QX0566 | |
| CX2642A | QX0550 | QX0567 | |
| | | QX0574 | |

**Category B – Materials considered in Dr. Michael Lasinki's report**

| Samsung |
|---|
| SFT-0000113 - SFT-0000199 |
| SFT-0001471 - SFT-0001493 |
| SFT-0001624 - SFT-0001663 |
| SFT-0005280 - SFT-0005327 |
| SFT-0036171_Trans1ation.001 SFT-0036171_Trans1ation.003 |
| SFT-0036404 - SFT-0036404 |
| SFT-0036407 - SFT-0036407 |
| SFT-0036412 - SFT-0036412 |

| |
|---|
| **SFT-0036565 - SFT-0036565** |
| **SFT-0036565 - SFT-0036565** |
| **SFT-0036730 - SFT-0036765** |
| **SFT-2650235 - SFT-2650241** |
| **SFT-2650318 - SFT-2650332** |
| **SFT-2650333 - SFT-2650347** |
| **SFT-2651050 - SFT-2651068** |
| **SFT-18173206 - SFT-18173220** |