1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CONSUMERS' ASSOCIATION,

                    Plaintiff,

          v.

                    Defendant.

Case No.   5:23-mc-80322-EJD

**ORDER GRANTING EX PARTE APPLICATION FOR ORDER PERMITTING DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

Re: Dkt. No. 1

Before the Court is Consumers' Association's ("Applicant") *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding ("Application").  Notice of *Ex Parte* Appl. Against Consumers' Association, ECF No. 1; Mem. of Points and Authorities in Supp. of *Ex Parte* Appl. for Order Granting Leave to Take Disc. for Use in a Foreign Proceeding ("Appl."), ECF No. 3.  Specifically, Applicant seeks discovery from Samsung Semiconductor, Inc. and/or Samsung Electronics America, Inc. (the "Samsung Entities") and Apple Inc. ("Apple") for use in a foreign class action litigation pending in the Competition Appeal Tribunal of the United Kingdom ("Tribunal").  *Id.* at 4.  For the reasons stated below, the Application is **GRANTED**.

**I.      BACKGROUND**

          Applicant is a registered charity in the United Kingdom ("U.K.") that advances consumer rights, protection, and education.  Appl. 2.  In February 2021, Applicant filed an application to commence collective proceedings against Qualcomm in the Tribunal, alleging that Qualcomm had "breached U.K. and E.U. competition laws by leveraging its dominant position in the market for

baseband processor chipsets to extract higher royalty payments for its standard essential patents ('SEPs') from smartphone manufacturers, such as Apple and Samsung." *Id.*; *see also Consumers' Association v. Qualcomm, Inc.*, Case No. 1382/7/7/21 (the "U.K. Class Action"). In other words, Applicant argued to the Tribunal that Qualcomm's policies have inflated the royalties paid by smartphone manufacturers, such as Apple and the Samsung Entities, for the use of Qualcomm's patents, resulting in smartphone manufacturers paying higher all-in prices for their chipset requirements than would be the case absent Qualcomm's conduct. Appl. 2. Applicant's lawsuit is brought on behalf of an estimated class of approximately twenty-nine million consumers who purchased LTE-enabled Apple and/or Samsung smartphones in the relevant period. *Id.* at 3. The U.K. Class Action was certified by judgment of the Tribunal in May 2022. *Id.* Qualcomm did not appeal. *Id.*

Applicant seeks discovery from Apple and the Samsung Entities for the U.K. Class Action, including documents pertaining to: (1) *FTC v. Qualcomm, Inc.*, No. 5:17-cv-00220 (N.D. Cal.) (the "FTC Proceedings"); (2) *In Re: Qualcomm Antitrust Litigation*, No. 5:17-md-02773-LHK (N.D. Cal) (the "U.S. Class Action"); (3) agreements between Apple/Samsung and licensors other than Qualcomm; and (4) Apple/Samsung internal perspectives on their reliance on Qualcomm. *Id.* at 1. According to Applicant, the allegations in the FTC Proceedings and the U.S. Class Action are the same allegations being advanced by Applicant in the U.K. Class Action—namely that Qualcomm inflated royalties by abusing its dominance in the baseband processor chipsets market. *Id.* at 4. Applicant therefore seeks any documents filed by Apple and Samsung in the FTC Proceedings and the U.S. Class Action that evidence Qualcomm's conduct, and the impact that this conduct had on Apple and Samsung. *Id.* at 5.

In January and July 2023, the Tribunal ordered Qualcomm to disclose both publicly and non-publicly available exhibits, depositions, and expert reports from the FTC Proceedings and U.S. Class Action. *Id.* at 4. However, Qualcomm asserted that it was unable to disclose documents containing Apple or Samsung's confidential information as produced in the FTC

1   Proceedings or U.S. Class Action due to protective orders. *Id.* Qualcomm suggested that

2   Applicant instead seek discovery directly from Apple and the Samsung Entities through a Section

3   1782 Application. *Id.* at 5. Applicant subsequently filed the present Application.

4   **II.     LEGAL STANDARD**

5        Title 28 United States Code § 1782(a) permits federal district courts to assist in gathering

6   evidence for use in foreign proceedings. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro*

7   *Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to

8   order a person residing or found within the district "to give his testimony or statement or to

9   produce a document or other thing for use in a proceeding in a foreign or international tribunal."

10   28 U.S.C. § 1782(a). The statute may be invoked where: (1) the discovery is sought from a person

11   residing in the district of the court to which the application is made; (2) the discovery is for use in

12   a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or

13   an "interested person." *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925

14   (9th Cir. 2019).

15        In addition to the mandatory statutory requirements, the district court retains discretion in

16   determining whether to grant an application under § 1782(a) and may impose conditions it deems

17   desirable. *Intel Corp.*, 542 U.S. at 260–61. In *Intel Corp.*, the Supreme Court created a non-

18   exhaustive list of factors to consider in ruling on a § 1782(a) request, including (1) whether the

19   person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of

20   the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the

21   foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3)

22   whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering

23   restrictions or other policies of a foreign country or the United States; and (4) whether the request

24   is unduly intrusive or burdensome. *Id.* at 264–66.

25

26

27

28

United States District Court
Northern District of California

III.    **DISCUSSION**

A.    **Statutory Factors**

The Court finds that Applicant has satisfied the three statutory criteria of Section 1782(a).

First, the Application satisfies the residence requirement because Apple is headquartered in Cupertino, California, and the Samsung Entities, though headquartered in South Korea, have been found to conduct systematic and continuous local activities in this district. *See, e.g., In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016) ("Even a quick look at this court's docket shows [the Samsung Entities] have availed themselves of the jurisdiction of this court in many protracted lawsuits."); *see also, e.g.*, *In re Todo*, 2022 WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022) ("In this district, business entities are 'found' where the business is incorporated, is headquartered, or where it has a principal place of business.") (collecting cases); Appl. 8. Therefore, Apple and the Samsung Entities reside or can be found in this district for the purposes of Section 1782.

Second, the Court finds that the discovery is sought for use in foreign proceedings. Applicant is currently engaged in the U.K. Class Action, which was certified by judgment of the Tribunal in May 2022. Appl. 3.

Third, Applicant is plainly an "interested person" in the foreign proceedings, as Applicant is the party bringing the U.K. Class Action. *See Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the interested persons who may invoke § 1782") (internal quotation marks and brackets omitted).

Based on the foregoing, the Court finds that the Application satisfies the statutory factors to warrant an order pursuant to Section 1782.

B.    **Discretionary *Intel* Factors**

At this stage, the Court also finds that the discretionary *Intel* factors weigh in favor of granting the Application.

1.    **Participation of Target in the Foreign Proceeding**

Turning to the first factor, which addresses whether the discovery target is or will be a

United States District Court
Northern District of California

1  participant in the foreign proceeding, the relevant inquiry is "whether the foreign tribunal has the

2  authority to order an entity to produce the . . . evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d

3  1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4

4  (N.D. Cal. Mar. 24, 2016) ("[T]he first *Intel* factor militates against allowing § 1782 discovery

5  when the petitioner effectively seeks discovery from a participant in the foreign tribunal even

6  though it is seeking discovery from a related, but technically distinct entity.") (quotation marks

7  and citation omitted).

8       Here, Apple and the Samsung Entities are not parties in the U.K. Class Action and are not

9  domiciled in the U.K., and therefore, the Tribunal would be unable to compel them to produce

10  discovery without the aid of Section 1782.  "In these circumstances, the need for assistance

11  pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may

12  order parties appearing before it or third parties within its jurisdiction to produce evidence." *In re*

13  *Med. Corp. Takeuchi Dental Clinic*, 2022 WL 1803373, at *3 (N.D. Cal. June 2, 2022) (citing

14  *Intel*, 542 U.S. at 264).  Accordingly, the first *Intel* factor weighs in favor of granting Applicant's

15  request.

16       **2.**      **Receptivity of Foreign Tribunal to U.S. Judicial Assistance**

17       The second *Intel* factor also favors granting the Application.  "Courts conducting this

18  analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is

19  likely to receive the evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040.  "In the absence of

20  authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section

21  1782, courts tend to err on the side of permitting discovery." *In re Varian*, 2016 WL 1161568, at

22  *4 (internal quotation marks omitted).

23       Here, the Court is unaware of any evidence that the Tribunal would reject evidence

24  obtained via Section 1782.  Indeed, Applicant has informed the Court that the Tribunal is aware of

25  the Application and has indicated that the parties should proceed to file the Application without

26  delay.  Appl. 10.  Accordingly, given that there is no authoritative proof that the Tribunal would

27

28
Case No.: 5:23-mc-80322-EJD
ORDER GRANTING EX PARTE APPLICATION FOR ORDER PERMITTING DISCOVERY
FOR USE IN A FOREIGN PROCEEDING

United States District Court
Northern District of California

United States District Court
Northern District of California

1   reject evidence obtained under Section 1782, the second *Intel* factor weighs in favor of granting

2   the Application.

3        **3.**  **Circumvention of Proof-Gathering Restrictions**

4      The third factor—whether an applicant seeks "to circumvent foreign proof-gathering

5   restrictions or other policies of a foreign country or the United States"—also favors granting the

6   Application.  *Intel Corp.*, 542 U.S. at 265.  "Courts have found that this factor weighs in favor of

7   discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign

8   proof-gathering restrictions."  *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal.

9   2021) (quotations and citations omitted).

10      Here, Applicant's counsel has represented that they are not aware of any restrictions or

11   policies imposed by the Tribunal that would prohibit the proof-gathering sought here.  Appl. 11.

12   The Court does not find that there is any reason to doubt Applicant's counsel's representations.

13   Accordingly, there is nothing to indicate that the third *Intel* factor should weigh against granting

14   the Application.

15        **4.**  **Unduly Intrusive or Burdensome**

16      The fourth factor the Court must consider is whether the discovery sought is "unduly

17   intrusive or burdensome."  *Intel Corp.*, 542 U.S. at 265.  Discovery requests may be intrusive or

18   burdensome if "not narrowly tailored temporally, geographically or in their subject matter."  *In re*

19   *Qualcomm Inc.*, 162 F. Supp. 3d at 1044.

20      Here, Applicant argues that it seeks documents targeted to evidence directly relevant to the

21   issues in the U.K. Class Action.  Appl. 11.  Further, Applicant highlights that the documents

22   sought should be easily obtainable given that most of the requests are for documents already

23   produced in related or overlapping litigations and given that the documents sought are believed to

24   be contained largely in electronic databases.  *Id.*  The Court finds Applicant's request to be

25   narrowly tailored to documents directly relevant to the U.K. Class Action, and the subpoena's

26   scope suggests that the requested discovery is not unduly intrusive or burdensome.  Therefore, the

27   

28

1  Court finds that the fourth *Intel* factor favors granting Applicant's request.

2  * * *

3  Accordingly, the Court will exercise its discretion in granting the Application without

4  prejudice to any subsequent motion to quash or modify the subpoena.

5  **IV.  CONCLUSION AND ORDER**

6  Based on the foregoing, the Court finds that Applicant's Section 1782 Application satisfies

7  the statutory factors, and that the discretionary *Intel* factors—at this stage, at least—also favor

8  granting the Application.

9  Accordingly, the Section 1782 Application is **GRANTED.**  Applicant may serve the

10  proposed subpoenas (ECF Nos. 1-1, 1-2) on Apple and the Samsung Entities, with the following

11  requirements:

12    1.  Applicant SHALL serve a copy of this Order on Apple and the Samsung Entities with the

13    proposed subpoenas;

14    2.  Apple and the Samsung Entities may file—no later than 30 days after service or notice—a

15    motion to quash or modify the subpoenas before this Court;

16    3.  If any party disputes the subpoenas, Apple and the Samsung Entities SHALL PRESERVE

17    BUT NOT DISCLOSE the information sought by the subpoena pending resolution of that

18    dispute;

19    4.  This Order is WITHOUT PREJUDICE to any argument that may be raised in a motion to

20    quash or modify the subpoena from Apple and the Samsung Entities.

21    **IT IS SO ORDERED.**

22  Dated: January 23, 2024

23

24

25  EDWARD J. DAVILA
United States District Judge

26

27  Case No.: 5:23-mc-80322-EJD
ORDER GRANTING EX PARTE APPLICATION FOR ORDER PERMITTING DISCOVERY
28  FOR USE IN A FOREIGN PROCEEDING

7

United States District Court
Northern District of California