# EXHIBIT 1

Reena A. Gambhir (*pro hac* pending)
Brittany L. Nyovanie (*pro hac* pending)
HAUSFELD LLP
888 16th Street NW, Suite 300
Washington, DC 20006
Tel:     (202) 540-7200
Fax:     (202) 540-7201
E-mail: rgambhir@hausfeld.com
E-mail: bnieves@hausfeld.com

Samuel Maida (Cal. Bar. No. 333835)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
E-mail: smaida@hausfeld.com

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

|  |  |
|---|---|
| In re *Ex Parte* Application of<br><br>CONSUMERS' ASSOCIATION<br><br>Petitioner for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding | **Case No. 23-mc-80322**<br><br>***EX PARTE* APPLICATION FOR AN ORDER GRANTING LEAVE TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782** |

**PLEASE TAKE NOTICE** that the Consumers' Association ("Petitioner") applies to this Court for an order pursuant to 28 U.S.C. § 1782(a) granting leave to obtain targeted discovery from Samsung Semiconductor, Inc. and/or Samsung Electronics America, Inc. (the "Samsung Entities") and Apple Inc. ("Apple") (collectively, the "Respondents") for use in ongoing and pending foreign class action litigation. This application is based on the accompanying Memorandum in Support, the Declaration of Nicola A. Boyle, the Declaration of Brittany L. Nyovanie, and the exhibits attached thereto.

Dated:  December 7, 2023                    Respectfully submitted,


                                                            *s/ Samuel Maida*
                                                            Samuel Maida (Cal. Bar. No. 333835)
                                                            HAUSFELD LLP
                                                            600 Montgomery Street, Suite 3200
                                                            San Francisco, CA 94111
                                                            Tel: (415) 633-1908

---

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fax: (415) 358-4980
smaida@hausfeld.com

Reena A. Gambhir*
Brittany L. Nyovanie*
HAUSFELD LLP
888 16th Street, NW, Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201
rgambhir@hausfeld.com
bnieves@hausfeld.com


*Attorneys for Consumers' Association*

*Pro Hac Pending*

*Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ <br> *Plaintiff* | ) <br> ) | |
| v. | ) <br> ) | Civil Action No. |
| _____ <br> *Defendant* | ) <br> ) <br> ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | | |
|  | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                              *Server's signature*

                                          _____
                                              *Printed name and title*

                                          _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Schedule A

## DEFINITIONS

The following definitions apply to the Requests:

1. "Agreement" means any contract or other written arrangement between parties.

2. "All" includes the collective as well as the singular and means each, any, and every.

3. "Any" means one or more.

4. "Chipsets" mean baseband chipsets, including those compliant with any 3G, 4G, or 5G standards.

5. "Class" refers to the Class in *In Re: Qualcomm Antitrust Litig.*, Case No. 5:17-md-02773-LHK (N.D. Cal).

6. "Class certification" refers to the class certification judgment in *In Re: Qualcomm Antitrust Litig.*, Case No. 5:17-md-02773-LHK (N.D. Cal)

7. "Communicate," "Communicating," "Communicated," and "Communication" means any oral or written transmission of information, thought or opinion, Including without limitation e-mails, text messages, instant messages, voice messages, uploading or downloading of Documents on a file-sharing, hosting, or other website, and other electronic transmissions, and correspondence,

memoranda, reports, presentations, face-to-face conversations and meetings, telephone conversations or conference calls, negotiations, Agreements, inquiries, understandings, notes, or recorded information, regardless of whether a party that receives any Communication responds to it.

8.    "Concerning" means without limitation, the following concepts: referring to, regarding, relating, discussing, describing, reflecting, concerning, dealing with, pertaining to, analyzing, evaluating, evidencing, estimating, containing, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

9.    "Date" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events.

10.    "Document" means the original and all non-identical copies (Including copies that are non-identical by reason of any notation made on them) of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure, Including, without limitation, Agreements, Communications, e-mails (and all attachments), letters, correspondence, text messages, instant messages, voice messages, memoranda, facsimiles, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports,

price lists, business or strategic plans, presentations, market studies, forecasts, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, spreadsheets, sales or purchase documentation, advertising and promotional literature, stored recordings, agendas, attendee lists, minutes or other records of meetings (formal or informal), all written or graphic records or representations of any kind, and all physical, mechanical or ESI, and all drafts or partial copies, versions, alterations, modifications, changes and amendments of any of the foregoing.

    11.    "Electronically Stored Information," abbreviated as "ESI," has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation:

        a.    structured and unstructured Data, as those terms are defined in *The Sedona Conference Glossary: E-Discovery & Digital Information Management*, Fourth Edition, April 2014, available at https://thesedonaconference.org/publications;

        b.    activity listings of electronic mail receipts and/or transmittals;

        c.    output resulting from the use of any software program,

Including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger or any other instant or direct messaging program, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether the output exists in an active file, a deleted file, or file fragment;

      d.   any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a mobile device or personal digital assistant (*e.g.*, Blackberry, iPhone, other brands of smart phones or similar devices) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

      e.   any and all items stored on voice-mail systems, internal or external websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Snap Chat, WhatsApp, and other social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

       f.     any and all data, data compilations, and data analyses.

12.    "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent, independent contractor, or other Person who is or was employed or hired by You.

13.    "Ericsson" refers to Telefonaktiebolaget LM Ericsson, a telecommunications service provider headquartered in Stockholm, Sweden, and any of its subsidiaries and/or affiliates.

14.    "FTC" refers to the Federal Trade Commission in the United States.

15.    "FTC Proceedings" refer to *Federal Trade Commission v. Qualcomm Inc*., 5:17-cv-220-LHK (N.D.), and the preceding FTC investigation.

16.    The "Global Patent License Agreement" refers to the Global Patent Licensing Agreement dated April 16, 2019 between You and Qualcomm.

17.    "Includes" means includes but is not limited to; "including" means including but not limited to, and neither should be construed as limiting a Request in any way.

18.    "InterDigital" refers to the technology research and development company headquartered in Wilmington, Delaware, and any of its subsidiaries and/or affiliates.

19.    "License" means the legal permission granted by the owner of intellectual property rights ("Licensor") to another party ("Licensee"), allowing them to use the protected intellectual property.

20.    "Nokia" refers to Nokia Corp., a multinational telecommunications company headquartered in Espoo, Finland, and any of its subsidiaries and/or affiliates.

21.    "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a Request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as all information about both A and B. In other words, "or" and "and" should be read as and/or.

22.    "Qualcomm" refers to Qualcomm, Inc., an American telecommunications corporation headquartered in San Diego, California.

23.    "Rationale" means the set of reasons, bases, or underlying assumptions for a course of action or belief.

24.    "Relating to," "Regarding," "Reflecting," "Referring to," and "Concerning," unless otherwise indicated, mean Including, summarizing, demonstrating, constituting, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with, or otherwise involving,

in whole or in part.

25.     "Royalty" or "royalties" refer to a payment made by the Licensee to the Licensor for the use of intellectual property.

26.     "SEP License Agreements" refer to Agreements for Licenses relating to standard essential patents.

27.     "Subscriber units" are end-user devices, such as mobile phones, that connect to a cellular communication network.

28.     "U.S. Class Action" refers to *Qualcomm Antitrust Litigation*, Case No. 5:17-md-02773-LHK (N.D. Cal.).

29.     "You," "Your," or "Your company" means Apple Inc. ("Apple"), its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, Including without limitation any organization or Entity which Apple currently owns (including any beneficial ownership), manages or controls, or has in the past owned (including any beneficial ownership), managed or controlled, together with all present and former directors, officers, Employees, agents, representatives or any persons acting or purporting to act on behalf of Apple.

## **INSTRUCTIONS**

1.     Unless otherwise specified, "Relevant Period" or "Relevant Time

Period" for the information sought below is January 1, 2006 through December 7, 2023. The Requests seek all responsive documents created or generated during the relevant time period, as well as responsive documents created or generated outside the relevant time period but containing information relating to the relevant time period.

2.　　Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests are continuing in nature, so that if You subsequently discover or obtain possession, custody or control of any Documents or ESI previously requested or required to be produced, You shall make such Documents or ESI available within seven (7) days of discovering or obtaining possession of them. Similarly, any information or Documents provided in response to these Requests that is later found to be incorrect, or to have become incomplete or incorrect because of changed circumstances, should be completed or corrected by means of a supplemental response.

3.　　Provide a complete written answer to each of the Requests.

4.　　In producing Documents, furnish all Documents in Your possession, custody or control, regardless of the physical location of the Documents, or whether You physically possess such Documents.

5.　　The Documents produced in response to these Requests shall be

organized either to correspond to the categories in these Requests, or as they are kept in the ordinary course of business.

6.     Documents shall be produced in such fashion as to identify Your department, branch or office having possession, custody or control of the Documents and, where applicable, the natural person or persons in whose possession, custody or control they were found and the business address of each such person.

7.     If a Document is lost or missing, has been destroyed, or is otherwise unavailable, You should provide information sufficient to identify the Document and explain the circumstances surrounding the disposition of the Document, including the following:

     a.     explain why the Document is unavailable, specifying how the Document was lost, missing or destroyed, or otherwise became unavailable;

     b.     for any Document that has been destroyed, identify all persons who were involved in making or effecting the decision to destroy the Document; and

     c.     for any Document that has been transferred or delivered, voluntarily or involuntarily, to another person or entity, identify all persons who were involved in making or effecting the decision to transfer or deliver the

Document.

      d.    the identity of the person or entity that last possessed the Document;

      e.    the date of the Document's disposition; and

      f.    the identity of all persons who have or had knowledge of the Document's contents.

8.    If You object to any of these Requests, or any definition or instruction incorporated therein, state the reasons for Your objection with specificity and answer the Request to the extent it is not objectionable. The attorney making an objection shall sign that objection. If You file a timely objection to any portion of a Request, definition, or instruction, respond to the remaining portion.

9.    Produce all Documents not otherwise responsive to the Requests that mention, discuss, refer to, or explain any responsive Document that are attached to the responsive Document (*e.g.*, routing slip, transmittal memorandum, cover sheet, etc.).

10.    In responding to the Requests, include all Documents: (a) obtained from witnesses who gave information to any governmental agency or investigatory body; (b) constitute, or refer or relate to, summaries of testimony or other statements in connection with any governmental agency's proceeding

or investigation; or (c) obtained on Your behalf by counsel in preparing for testimony or interviews before any governmental agency or investigatory body.

# DOCUMENT REQUESTS

## Request No. 1

Unredacted versions of the following documents as provided by You to Qualcomm, the FTC, or the Court in the FTC Proceedings:

    a. Documents selected to be used as exhibits by FTC or Qualcomm or jointly at trial (list of documents contained in Annex); and

    b. Any other depositions, submissions, briefs, witness statements and expert reports provided by You for the purposes of the FTC Proceedings which relate to substantive rather than procedural issues.

## Request No. 2

Unredacted versions of the following documents as provided by You to Qualcomm, the representatives of the Class, or the Court in the U.S. Class Action:

    a. The documents produced and depositions given by You which are considered by Dr. Michael Lasinski in the U.S. Class Action (list contained in Annex);

    b. The exhibit referred to in the U.S. Class Certification Judgment and identified in the Annex.

    c. Any other depositions, submissions, briefs, witness statements and expert reports provided by You for the purposes of the U.S. Class Action which relate to substantive rather than procedural issues.

**Request No. 3**

Documents held by You which:

    a.  date from the period during which You were considering entering into or negotiating the Global Patent license Agreement between You and Qualcomm, entered into on April 16, 2019; and

    b.  address or evidence the extent to which You were or considered Yourself to be reliant on Qualcomm for the supply of Chipsets at that time.

**Request No. 4**

SEP license agreements (including cross-license agreements, related settlement agreements, amendments to such agreements, side letters) for LTE technology (including with backwards compatibility) relating to subscriber units (or end-user devices) between the below SEP owners and You, including in particular (but without limitation) any agreements corresponding to the following descriptions:

    a.  Apple – Ericsson
        i.  Dated December 2022
       ii.  Dated December 2015
     iii.  Dated 2008

    b.  Apple – Nokia
        i.  Dated June 2023

  ii. Dated May 2017

  iii. Dated June 2011


 c. Apple – InterDigital

   i. Dated September 2022

   ii. Dated December 2016

   iii. Dated September 2007

## Request No. 5

Documents which set out the rationale for or assumptions underlying the level of the royalties payable pursuant to the agreements in Request 4, for example the value attributed to any SEPs which are the subject of the license (and any applicable cross license) and the volumes of any relevant past or forecast sales. Such documents may include internal business case documents produced by You or documents sent to or received from the counterparties to the agreements identifying any such rationale/assumptions.

Annex 1

## Category A – Trial exhibits from the FTC Proceedings

| Apple | Apple | Apple | Apple |
|---|---|---|---|
| JX0037 | CX0622 | QX1389 | QX9075 |
| JX0065 | CX0652 | QX1392 | QX9076 |
| JX0067 | CX0696 | QX1394 | QX9077 |
| JX0068 | CX0724 | QX1397 | QX9078 |
| JX0070 | CX0754 | QX1452 | QX9079 |
| JX0073 | CX0850 | QX1453 | QX9080 |
| JX0075 | CX0852 | QX1454 | QX9081 |
| JX0080 | CX0855 | QX1456 | QX9082 |
| JX0081 | CX0856 | QX1459 | QX9083 |
| CX0522 | CX0857 | QX1460 | QX9085 |
| CX0526 | CX0858 | QX1461 | QX9086 |
| CX0534 | CX0860 | QX1464 | QX9087 |
| CX0557 | QX0221 | QX1465 | QX9089 |
| CX0560 | QX0572 | QX1466 | QX9090 |
| CX0582 | QX0573 | QX1467 | QX9091 |
| CX0597 | QX1351 | QX1636 | QX9092 |
| CX0599 | QX1357 | QX1715 | QX9093 |
| CX0601 | QX1387 | QX1725 | QX9094 |
| CX0621 | QX1388 | QX9067 | QX9095 |
| | | QX9071 | |
| | | QX9072 | |
| | | QX9073 | |

## Category A – Trial exhibits from the FTC Proceedings (continued)

| Apple | Apple | Apple | Apple |
|---|---|---|---|
| QX9096 | QX9104 | QX9112 | QX9120 |
| QX9097 | QX9105 | QX9113 | QX9121 |
| QX9098 | QX9106 | QX9114 | QX9122 |
| QX9099 | QX9107 | QX9115 | QX9123 |
| QX9100 | QX9108 | QX9116 | QX9124 |
| QX9101 | QX9109 | QX9117 | QX9125 |
| QX9102 | QX9110 | QX9118 | QX9126 |
| QX9103 | QX9111 | QX9119 | QX9127 |

## Category B – Document mentioned in the Consumer Class Certification Judgement

| Apple |
|---|
| ECF No. 724-4 |

## Category C – Materials considered in Dr. Michael Lasinki's report

| Apple |
|---|
| AAPL-FTC-00000204 - AAPL-FTC-00000220 |
| AAPL-FTC-00004898 - AAPL-FTC-00004906 |
| AAPL-FTC-00005282 - AAPL-FTC-00005301 |
| AAPL-FTC-00015444 - AAPL-FTC-00015449 |
| AAPL-FTC-00108170 - AAPL-FTC-00108211 |
| AAPL-FTC-00131936 - AAPL-FTC-00131944 |
| APL-QC_00451103 - APL-QC_00451155 |
| APL-QC_13103515 - APL-QC_I3103515 |

| |
|---|
| **APL-QC-FTC 00000021 – APL-QC-FTC 00000033** |
| **APL-QC-FTC 00000036 – APL-QC-FTC 00000052** |
| **APL-QC-FTC 00000053 – APL-QC-FTC 00000064** |
| **APL-QC-FTC 00000065 – APL-QC-FTC 00000083** |
| **APL-QC-FTC 07109080 – APL-QC-FTC 07109132** |
| **APL-QC-FTC 17907173 – APL-QC-FTC 17907173** |
| **APL-QC-FTC 22481080 – APL-QC-FTC 22481086** |
| **APL-QC-FTC 22481550 – APL-QC-FTC 22481706** |
| **APL-QC-FTC 30593998 – APL-QC-FTC 30593023** <br> **APL-QC-FTC 30594551 – APL-QC-FTC 30594749** |
| **APL-QC-FTC 34545415 – APL-QC-FTC 34545415** |
| **APL-QC-FTC 34547898 – APL-QC-FTC 34549873** |
| **FTC-Apple-0000080 – FTC-Apple-0000087** |

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| Plaintiff | ) |
| v. | )  Civil Action No. |
| | ) |
| _____ | ) |
| Defendant | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____              _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Schedule A

## DEFINITIONS

The following definitions apply to the Requests:

1.     "Agreement" means any contract or other written arrangement between parties.

2.     "All" includes the collective as well as the singular and means each, any, and every.

3.     "Any" means one or more.

4.     "Chipsets" mean baseband chipsets, including those compliant with any 3G, 4G, or 5G standards.

5.     "Class" refers to the Class in *In Re: Qualcomm Antitrust Litig.*, Case No. 5:17-md-02773-LHK (N.D. Cal).

6.     "Class certification" refers to the class certification judgment in *In Re: Qualcomm Antitrust Litig.*, Case No. 5:17-md-02773-LHK (N.D. Cal)

7.     "Communicate," "Communicating," "Communicated," and "Communication" means any oral or written transmission of information, thought or opinion, Including without limitation e-mails, text messages, instant messages, voice messages, uploading or downloading of Documents on a file-sharing, hosting, or other website, and other electronic transmissions, and correspondence,

memoranda, reports, presentations, face-to-face conversations and meetings, telephone conversations or conference calls, negotiations, Agreements, inquiries, understandings, notes, or recorded information, regardless of whether a party that receives any Communication responds to it.

8.     "Concerning" means without limitation, the following concepts: referring to, regarding, relating, discussing, describing, reflecting, concerning, dealing with, pertaining to, analyzing, evaluating, evidencing, estimating, containing, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

9.     "Date" means the exact day, month, and year, if ascertainable, or the best available approximation, including any relationship to other known events.

10.    "Document" means the original and all non-identical copies (Including copies that are non-identical by reason of any notation made on them) of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure, Including, without limitation, Agreements, Communications, e-mails (and all attachments), letters, correspondence, text messages, instant messages, voice messages, memoranda, facsimiles, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports,

price lists, business or strategic plans, presentations, market studies, forecasts, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, spreadsheets, sales or purchase documentation, advertising and promotional literature, stored recordings, agendas, attendee lists, minutes or other records of meetings (formal or informal), all written or graphic records or representations of any kind, and all physical, mechanical or ESI, and all drafts or partial copies, versions, alterations, modifications, changes and amendments of any of the foregoing.

11.    "Electronically Stored Information," abbreviated as "ESI," has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation:

    a.    structured and unstructured Data, as those terms are defined in *The Sedona Conference Glossary: E-Discovery & Digital Information Management*, Fourth Edition, April 2014, available at https://thesedonaconference.org/publications;

    b.    activity listings of electronic mail receipts and/or transmittals;

    c.    output resulting from the use of any software program,

3

Including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), AOL Instant Messenger or any other instant or direct messaging program, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether the output exists in an active file, a deleted file, or file fragment;

       d.    any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a mobile device or personal digital assistant (*e.g.*, Blackberry, iPhone, other brands of smart phones or similar devices) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

       e.    any and all items stored on voice-mail systems, internal or external websites, company intranet sites, chat rooms and social networking websites (*e.g.*, Facebook, LinkedIn, Snap Chat, WhatsApp, and other social websites listed at http://en.wikipedia.org/wiki/List of social networking websites); and

       f.      any and all data, data compilations, and data analyses.

12.    "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent, independent contractor, or other Person who is or was employed or hired by You.

13.    "Ericsson" refers to Telefonaktiebolaget LM Ericsson, a telecommunications service provider headquartered in Stockholm, Sweden, and any of its subsidiaries and/or affiliates.

14.    "FTC" refers to the Federal Trade Commission in the United States.

15.    "FTC Proceedings" refer to *Federal Trade Commission v. Qualcomm Inc*., 5:17-cv-220-LHK (N.D.), and the preceding FTC investigation.

16.    "Includes" means includes but is not limited to; "including" means including but not limited to, and neither should be construed as limiting a Request in any way.

17.    "InterDigital" refers to the technology research and development company headquartered in Wilmington, Delaware, and any of its subsidiaries and/or affiliates.

18.    "License" means the legal permission granted by the owner of intellectual property rights ("Licensor") to another party ("Licensee"), allowing them to use the protected intellectual property.

19.     "Nokia" refers to Nokia Corp., a multinational telecommunications company headquartered in Espoo, Finland, and any of its subsidiaries and/or affiliates.

20.     "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a Request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as all information about both A and B. In other words, "or" and "and" should be read as and/or.

21.     "Qualcomm" refers to Qualcomm, Inc., an American telecommunications corporation headquartered in San Diego, California.

22.     "Rationale" means the set of reasons, bases, or underlying assumptions for a course of action or belief.

23.     "Relating to," "Regarding," "Reflecting," "Referring to," and "Concerning," unless otherwise indicated, mean Including, summarizing, demonstrating, constituting, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with, or otherwise involving, in whole or in part.

24.     "Royalty" or "royalties" refer to a payment made by the Licensee to the Licensor for the use of intellectual property.

6

25. "SEP License Agreements" refer to Agreements for Licenses relating to standard essential patents.

26. "Subscriber units" are end-user devices, such as mobile phones, that connect to a cellular communication network.

27. "U.S. Class Action" refers to *Qualcomm Antitrust Litigation*, Case No. 5:17-md-02773-LHK (N.D. Cal.).

28. "You," "Your," or "Your company" means Samsung Semiconductor, Inc. and/or Samsung Electronics America, Inc. (the "Samsung Entities"), its predecessors, successors, subsidiaries, departments, divisions, joint ventures, and/or affiliates, Including without limitation any organization or entity which the Samsung Entities currently own (including any beneficial ownership), manages or controls, or has in the past owned (including any beneficial ownership), managed or controlled, together with all present and former directors, officers, Employees, agents, representatives or any persons acting or purporting to act on behalf of the Samsung Entities.

## **INSTRUCTIONS**

1. Unless otherwise specified, "Relevant Period" or "Relevant Time Period" for the information sought below is January 1, 2006 through to December 7, 2023. The Requests seek all responsive documents created or

generated during the relevant time period, as well as responsive documents created or generated outside the relevant time period but containing information relating to the relevant time period.

2.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests are continuing in nature, so that if You subsequently discover or obtain possession, custody or control of any Documents or ESI previously requested or required to be produced, You shall make such Documents or ESI available within seven (7) days of discovering or obtaining possession of them. Similarly, any information or Documents provided in response to these Requests that is later found to be incorrect, or to have become incomplete or incorrect because of changed circumstances, should be completed or corrected by means of a supplemental response.

3.      Provide a complete written answer to each of the Requests.

4.      In producing Documents, furnish all Documents in Your possession, custody or control, regardless of the physical location of the Documents, or whether You physically possess such Documents.

5.      The Documents produced in response to these Requests shall be organized either to correspond to the categories in these Requests, or as they are kept in the ordinary course of business.

6.     Documents shall be produced in such fashion as to identify Your department, branch or office having possession, custody or control of the Documents and, where applicable, the natural person or persons in whose possession, custody or control they were found and the business address of each such person.

7.     If a Document is lost or missing, has been destroyed, or is otherwise unavailable, You should provide information sufficient to identify the Document and explain the circumstances surrounding the disposition of the Document, including the following:

a.     explain why the Document is unavailable, specifying how the Document was lost, missing or destroyed, or otherwise became unavailable;

b.     for any Document that has been destroyed, identify all persons who were involved in making or effecting the decision to destroy the Document; and

c.     for any Document that has been transferred or delivered, voluntarily or involuntarily, to another person or entity, identify all persons who were involved in making or effecting the decision to transfer or deliver the Document.

d.     the identity of the person or entity that last possessed the

Document;

     e.    the date of the Document's disposition; and

     f.    the identity of all persons who have or had knowledge of the Document's contents.

8.    If You object to any of these Requests, or any definition or instruction incorporated therein, state the reasons for Your objection with specificity and answer the Request to the extent it is not objectionable. The attorney making an objection shall sign that objection. If You file a timely objection to any portion of a Request, definition, or instruction, respond to the remaining portion.

9.    Produce all Documents not otherwise responsive to the Requests that mention, discuss, refer to, or explain any responsive Document that are attached to the responsive Document (*e.g.*, routing slip, transmittal memorandum, cover sheet, etc.).

10.    In responding to the Requests, include all Documents: (a) obtained from witnesses who gave information to any governmental agency or investigatory body; (b) constitute, or refer or relate to, summaries of testimony or other statements in connection with any governmental agency's proceeding or investigation; or (c) obtained on Your behalf by counsel in preparing for testimony or interviews before any governmental agency or investigatory body.

## DOCUMENT REQUESTS

### Request No. 1

Unredacted versions of the following documents as provided by You to Qualcomm, the FTC, or the Court in the FTC Proceedings:

  a. Depositions (or transcripts of depositions) of
    i. Injung Lee
    ii. Andrew Hong
    iii. Seungho Ahn
    iv. Yooseok Kim

  b. Documents selected to be used as exhibits by the FTC or Qualcomm or jointly at trial (list of documents contained in Annex).

  c. Any other depositions, submissions, briefs, witness statements and expert reports provided by You for the purposes of the FTC Proceedings which relate to substantive rather than procedural issues.

### Request No. 2

Unredacted versions of the following documents as provided by You to Qualcomm, the representatives of the class or the Court in the U.S. Class Action:

  a. The documents produced and depositions given by You which are considered by Dr. Michael Lasinski in the U.S. Class Action (list contained in Annex);

  b. Any other depositions, submissions, briefs, witness statements and expert reports provided by You for the purposes of the U.S. Class

Action which relate to substantive rather than procedural issues.

## Request No. 3

Documents held by You which:

    a.  date from the period during which You were considering entering into or negotiating the license renewal between You and Qualcomm dated June 30, 2022; and

    b.  address or evidence the extent to which You were or considered Yourself to be reliant on Qualcomm for the supply of Chipsets at that time.

## Request No. 4

SEP license agreements (including cross-license agreements, related settlement agreements, amendments to such agreements, side letters) for LTE technology (including with backwards compatibility) relating to subscriber units (or end-user devices) between the below SEP owners and You, including in particular (but without limitation) any agreements corresponding to the following descriptions:[1]

    a.  Samsung – Ericsson
        i.  Dated May 2021
       ii.  Dated January 2014
      iii.  Dated July 2007

---

[1] This category would include determinations made by a Court/arbitration panel on any of the license rates or terms of the agreements.

b. Samsung – Nokia
   i. Dated January 2023
   ii. Dated October 2018
   iii. Dated January 2014

c. Samsung – InterDigital
   i. Dated January 2023
   ii. Dated June 2014

## Request No. 5

Documents which set out the rationale for or assumptions underlying the level of the royalties payable pursuant to the agreements in Request 4, for example the value attributed to any SEPs which are the subject of the license (and any applicable cross license) and the volumes of any relevant past or forecast sales. Such documents may include internal business case documents produced by You or documents sent to or received from the counterparties to the agreements identifying any such rationale/assumptions.

## Annex 1

### Category A – Trial exhibits from the FTC Proceedings

| Samsung | Samsung | Samsung | Samsung |
|---|---|---|---|
| CX2564A | CX2673 | QX0551 | QX0575 |
| | QX0519 | QX0551B | QX0578 |
| CX2568A | QX0520 | QX0556 | QX0577 |
| CX2587 | QX0521 | QX0557 | QX0579 |
| CX2608 | QX0522 | QX0558 | QX0580 |
| CX2609 | QX0524 | QX0560 | QX0582 |
| CX2611 | QX0530 | QX0561 | QX0583 |
| CX2619A | QX0534 | QX0562 | |
| CX2621A | QX0539 | QX0564 | |
| CX2624 | QX0548 | QX0565 | |
| CX2628 | QX0549 | QX0566 | |
| CX2641A | QX0550 | QX0567 | |
| CX2642A | | QX0574 | |

### Category B – Materials considered in Dr. Michael Lasinki's report

| Samsung |
|---|
| SFT-0000113 - SFT-0000199 |
| SFT-0001471 - SFT-0001493 |
| SFT-0001624 - SFT-0001663 |
| SFT-0005280 - SFT-0005327 |
| SFT-0036171_Trans1ation.001 SFT-0036171_Trans1ation.003 |
| SFT-0036404 - SFT-0036404 |
| SFT-0036407 - SFT-0036407 |
| SFT-0036412 - SFT-0036412 |

| |
|---|
| **SFT-0036565 – SFT-0036565** |
| **SFT-0036565 – SFT-0036565** |
| **SFT-0036730 – SFT-0036765** |
| **SFT-2650235 – SFT-2650241** |
| **SFT-2650318 – SFT-2650332** |
| **SFT-2650333 – SFT-2650347** |
| **SFT-2651050 – SFT-2651068**<br>**SFT-18173206 – SFT-18173220** |

Reena A. Gambhir (*pro hac* pending)
Brittany L. Nyovanie (*pro hac* pending)
HAUSFELD LLP
888 16th Street NW, Suite 300
Washington, DC 20006
Tel:   (202) 540-7200
Fax:   (202) 540-7201
E-mail: rgambhir@hausfeld.com
E-mail: bnieves@hausfeld.com

Samuel Maida (Cal. Bar. No. 333835)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
E-mail: smaida@hausfeld.com

*Counsel for Petitioner*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

In re *Ex Parte* Application of

CONSUMERS' ASSOCIATION

Petitioner for an Order Pursuant to
28 U.S.C. § 1782 to Conduct
Discovery for Use in a Foreign
Proceeding

**Case No: 23-mc-80322**

**CERTIFICATION OF INTERESTED
ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to,  parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Qualcomm, Inc., Defendant in *Consumers' Association v. Qualcomm, Inc.*, Case No. 1382/7/7/21;

2. Members of the Class represented by the Consumers' Association in *Consumers' Association v. Qualcomm, Inc.*, Case No. 1382/7/7/21.

Dated: December 7, 2023

Respectfully submitted,

*s/ Samuel Maida*
Samuel Maida

**Counsel for Petitioner**

Reena A. Gambhir (*pro hac* pending)
Brittany L. Nyovanie (*pro hac* pending)
HAUSFELD LLP
888 16th Street NW, Suite 300
Washington, DC 20006
Tel:    (202) 540-7200
Fax:    (202) 540-7201
E-mail: rgambhir@hausfeld.com
E-mail: bnieves@hausfeld.com

Samuel Maida (Cal. Bar. No. 333835)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
E-mail: smaida@hausfeld.com

*Counsel for Petitioner*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

In re *Ex Parte* Application of

CONSUMERS' ASSOCIATION

Petitioner for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding

**Case No: 5:23-mc-80322**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER GRANTING LEAVE TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782**

1

2

## <u>TABLE OF CONTENTS</u>

3

I.      INTRODUCTION ........................................................................................ 1

II.     BACKGROUND .......................................................................................... 2

III.    DISCOVERY SOUGHT .............................................................................. 3

    A.    Documents From the FTC Proceedings and U.S. Class Action ................................. 3

    B.    Apple and Samsung's Internal Evidence ................................................. 6

    C.    Comparator Agreements ....................................................................... 6

IV.    LEGAL STANDARD ................................................................................... 7

V.     ARGUMENT ............................................................................................. 8

    1.    Apple and Samsung are Not Participants in the Foreign Proceeding. ........................ 9

    2.    The Tribunal Is Receptive to Proof-Gathering Assistance. ....................................... 9

    3.    Which? Is Not Circumventing Foreign Proof-Gathering Restrictions. .................... 10

    4.    Which?'s Discovery Requests Are Narrowly Tailored to Avoid Undue Burden. ....... 11

VI.    CONCLUSION ......................................................................................... 12

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

CASES

4

*In re Ex Parte Apple Inc.,*
   No. MISC 12-80013 JW, 2012 WL 1570043 (N.D. Cal. May 2, 2012) .................................. 11

5

6

*Apple, Inc. v. Samsung Elecs, Co.,*
   67 F. Supp. 3d 1100 (N.D. Cal. 2014) ................................................................................. 8

7

8

*In re Ex Parte Application of Pro-Sys Consultants,*
   No. 16-mc-80117-DMR, 2016 WL 3405547 (N.D. Cal. June 21, 2016)................................ 12

9

10

*In re Ex Parte Application of Qualcomm Inc.,*
   162 F. Supp. 3d 1029 (N.D. Cal. 2016) .............................................................................. 8

11

*In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.,*
   No. 16-mc-80193-DMR, 2016 WL 6804600 (N.D. Cal. Nov. 17, 2016) .................................. 8

12

13

*Brodsky v. Apple Inc.,*
   No. 19-cv-00712-LHK, 2019 WL 4141936 (N.D. Cal. Aug. 30, 2019)................................... 3

14

15

*FTC v. Qualcomm Inc.,*
   411 F. Supp. 3d 658 (N.D. Cal. 2019), *rev'd and vacated*, 969 F.3d 974 (9th Cir. 2020) ...... 3, 7

16

17

*FTC v. Qualcomm Inc.,*
   969 F.3d 974 (9th Cir. 2020)............................................................................................ 3, 4

18

*FTC v. Qualcomm, Inc.,*
   No. 5:17-cv-00220 (N.D. Cal.) ...............................................................................*passim*

19

20

*Heraeus Kulzer, GmbH v. Biomet, Inc.,*
   633 F.3d 591 (7th Cir. 2011)......................................................................................... 11

21

22

*Intel Corp. v. Advanced Micro Devices,*
   542 U.S. 241 (2004) ...............................................................................................*passim*

23

*In re Ex Parte LG Elecs. Deutschland GmbH,*
   No. 12-cv-1197-LAB (MDD), 2012 WL 1836283 (S.D. Cal. May 21, 2012) ........................ 7

24

25

*In re Mesa Power Grp., LLC,*
   No. CIV.A. 2:11-mc-280-ES, 2012 WL 6060941 (D.N.J. Nov. 20, 2012) ............................. 12

26

27

*In Re: Qualcomm Antitrust Litigation,*
   No. 5:17-md-02773-LHK (N.D. Cal).............................................................................. 1

28

*In re Qualcomm Inc.*,
  No. 18-mc-80104-VKD, 2018 WL 3845882 (N.D. Cal. Aug. 13, 2018) ................................. 10

*In re Republic of Equador*,
  No. C–10–80225 MISC CRB (EMC), 2010 WL 3702427 (N.D. Cal. Sept. 15, 2010) ......... 7, 12

*Super Vitaminas, S.A.*,
  No. 17-mc-80125-SVK, 2017 WL 5571037 (N.D. Cal. Nov. 20, 2017) .................................... 8

STATUTES

28 U.S.C. § 1782 .............................................................................................................*passim*

28 U.S.C. § 1782(a) ................................................................................................................. 2, 7, 9

Competition Act 1998 section 47B ............................................................................................. 2

OTHER AUTHORITIES

*In re: Qualcomm Antitrust Litig.*,
  3:17-md-02773-JSC (N.D. Cal. Nov. 2, 2023), ECF No. 1011 .................................... 4

*In re: Qualcomm Antitrust Litig.*,
  No. 17-MD-02773-LHK (N.D. Cal. Sept. 27, 2018), ECF No. 760 ........................... 4

*Consumers' Ass'n v. Qualcomm, Inc.*,
  No. 1382/7/7/21 (July 24, 2023) .........................................................................*passim*

Consumers' Association (hereafter referred to as "Which?"), a registered charity and company with over 60 years of experience championing consumer rights in the United Kingdom, respectfully applies to the Court for an order pursuant to 28 U.S.C. § 1782 granting Which? leave to obtain targeted discovery from Samsung Semiconductor, Inc. and/or Samsung Electronics America, Inc. (the "Samsung Entities") and Apple Inc. ("Apple") for use in a foreign class action litigation pending in the Competition Appeal Tribunal of the United Kingdom (the "Tribunal"), *Consumers' Association v. Qualcomm, Inc.*, Case No. 1382/7/7/21 (the "U.K. Class Action"). This application is supported by the memorandum of points and authorities below, the Declaration of Brittany L. Nyovanie ("Nyovanie Decl."), and the Declaration of Nicola Anne Boyle ("Boyle Decl."). The subpoenas to be served on the Samsung Entities and Apple are attached to the Application.

## I. <u>INTRODUCTION</u>

This Application arises from Which?'s allegations in the U.K. Class Action that Qualcomm, Inc. ("Qualcomm"), a global telecommunications company, breached U.K. and E.U. competition laws by leveraging its dominant position in the market for baseband processor chipsets to extract higher royalty payments for its standard essential patents ("SEPs") from smartphone manufacturers, such as Apple and Samsung. Which? alleges that this anticompetitive conduct resulted in consumers purchasing smartphones during the relevant period that were more expensive and/or lower quality.

Pursuant to 28 U.S.C. § 1782, Which? seeks discovery from Samsung and Apple for the U.K. Class Action, including, *inter alia*, documents pertaining to: (1) *FTC v. Qualcomm, Inc.*, No. 5:17-cv-00220 (N.D. Cal.) (the "FTC Proceedings"); (2) *In Re: Qualcomm Antitrust Litigation*, No. 5:17-md-02773-LHK (N.D. Cal) (the "U.S. Class Action"); (3) agreements between Apple/Samsung and licensors other than Qualcomm; and (4) Apple/Samsung internal perspectives on their reliance on Qualcomm. The requested documents are directly relevant to Which?'s claims but are currently in Samsung and Apple's possession and cannot be obtained in the U.K. Class Action due to jurisdictional limitations, as well as protective orders.

Which?'s application clearly satisfies Section 1782's statutory requirements. Firstly, this Court is in "the district in which [the] person resides," pursuant to 28 U.S.C. § 1782(a), as both

Samsung and Apple have offices in the Northern District of California and have developed, designed, manufactured, marketed, distributed, offered to sell, and/or sold products and services in the District. Secondly, Which? is seeking discovery "for use in a proceeding in a foreign . . . tribunal." *Id.* And thirdly, Which? qualifies as an "interested person" in the foreign proceeding as it is a named party in the U.K. Class Action, acting as the class representative.

The *Intel* factors additionally support Which?'s request with respect to both parties: (1) neither Samsung nor Apple are parties to the foreign proceeding or domiciled within the U.K., and accordingly, the requested material is not otherwise obtainable from either; (2) there is clear evidence that the Tribunal is receptive to U.S. federal-court jurisdictional assistance, and it has noted that Which? should not delay in making any "applications in other jurisdictions";[1] (3) the respective requests do not conceal any attempt to circumvent foreign proof-gathering restrictions; and (4) all of Which?'s discovery requests are narrowly tailored. *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 264-65 (2004).

Accordingly, Which? respectfully requests that the Court enter the proposed order, allowing Which? to serve Samsung and Apple, with the subpoenas attached to the Application.

## II.   <u>BACKGROUND</u>

Which? is a registered charity in the U.K. that advances education and understanding on consumer issues, protects and promotes the safety of consumers, promotes compliance with consumer laws, and takes legal action for the benefit or protection of the rights of consumers.[2]

In February 2021, Which? filed an application to commence collective proceedings pursuant to section 47B of the Competition Act 1998 (the "Act") against Qualcomm, alleging that Qualcomm had contravened U.K. and E.U. competition laws.[3] Which? alleges that during the relevant period, Qualcomm abused positions of dominance on related markets by applying exploitative and exclusionary commercial practices that caused widespread harm to U.K. consumers. More

---

[1] *See* Nyovanie Decl., Ex. 1, Transcript, *Consumers' Ass'n v. Qualcomm, Inc.*, Case No. 1382/7/7/21 at 119:1-5 (July 5, 2023).

[2] Boyle Decl., at ¶ 3.

[3] *See* Nyovanie Decl., Ex. 3, Notice of an Application to Commence Collective Proceedings Under Section 47B of the Competition Act 1998, Competition Appeal Tribunal (Case No. 1382/7/7/21).

specifically, Which? alleges that Qualcomm abused its dominance in the market for the supply of baseband processor chipsets and the market for the licensing of associated SEPs by: (1) refusing to supply LTE chipsets to manufacturers unless they agreed to take (and pay for) a free-standing license to use Qualcomm's portfolio of patents, known as "no license, no chips" (the "NLNC Policy") and (2) refusing to license its SEPs to competing chipset manufacturers on an exhaustive basis (the "RTL Policy"). Which? argues that the NLNC and RTL Policies have inflated the royalties paid by smartphone manufacturers for the use of Qualcomm's patents, meaning that smartphone manufacturers pay higher all-in prices for their chipset requirements than would be the case absent Qualcomm's abusive conduct.

By employing these hurdles for smartphone manufacturers and charging inflated fees, Qualcomm's actions have resulted in increased prices and/or lower quality smartphones for consumers who purchased LTE-enabled Apple and Samsung smartphones, dating back to October 1, 2015. Which?'s lawsuit is brought on behalf of all such consumers—estimated as a total class of approximately 29 million consumers who purchased LTE-enabled Apple and/or Samsung smartphones in the relevant period with an estimated loss suffered of approximately £482.5 million, including simple interest. The U.K. Class Action was certified by judgment of the Tribunal in May 2022. Qualcomm did not appeal.

## III.   DISCOVERY SOUGHT

### A. Documents From the FTC Proceedings and U.S. Class Action

The FTC Proceedings, initiated in January 2017, concern *substantially* similar allegations that Qualcomm abused its dominance by engaging in the NLNC and RTL Policies. In a May 2019 judgment, the Court ultimately concluded in the FTC Proceedings that the NLNC and RTL Policies infringed U.S. antitrust laws by enabling Qualcomm to charge unreasonably high LTE SEP royalty rates to its OEM customers and stifle competition in the market for the supply of certain chipsets. *See FTC v. Qualcomm Inc*., 411 F. Supp. 3d 658 (N.D. Cal. 2019), *rev'd and vacated*, 969 F.3d 974 (9th Cir. 2020). The Court's order describes the facts, scope and effects of the NLNC and RTL Policies in detail, relying on, among other things, documents and testimony given by Apple and

Samsung.[4]

Likewise, in the U.S. Class Action, the Court certified a class action brought on behalf of all natural persons and entities in the U.S. who have purchased, paid for, and/or provided reimbursement for some or all of the purchase price of a Universal Mobile Telecommunications System ("UMTS"), Code-Division Multiple Access ("CDMA"), and/or LTE-compatible mobile device for their own use and not for resale. *See* Order Granting Plaintiffs' Motion for Class Certification at 66, *In re: Qualcomm Antitrust Litig.*, No. 17-MD-02773-LHK (N.D. Cal. Sept. 27, 2018), ECF No. 760. Like Which?, the class representatives alleged that, *inter alia*, the NLNC and RTL Policies enable Qualcomm to extract supra-competitive royalties for its SEPs and raise the all-in prices paid for Qualcomm's and rivals' chipsets.[5]

The allegations in the FTC Proceedings and the U.S. Class Action—namely that Qualcomm abused its dominance by engaging in the NLNC and RTL Policies, leading to inflated royalties for LTE SEPs—are the same allegations being advanced by Which? in the U.K. Class Action. Accordingly, in January and July 2023, the Tribunal ordered Qualcomm to disclose, among other documents, both publicly and non-publicly available exhibits, depositions, and expert reports from the FTC Proceedings and U.S. Class Action.[6] However, Qualcomm asserts that it is unable to disclose documents containing third party confidential information as produced in the FTC Proceedings due to protective orders, and is thus unable to disclose documents that contain Apple and/or Samsung's confidential information. Likewise, for documents in the U.S. Class Action, Qualcomm informed Which? that there was a coordination order in place between the U.S. Class Action and the FTC Proceedings, such that most of the further collections and productions that were made in the U.S. Class Action were re-produced in the FTC Litigation. Qualcomm maintains that it

---

[4] The Court's decision was reversed in August 2020 on points of U.S. law. *See FTC v. Qualcomm Inc.*, 969 F.3d 974 (9th Cir. 2020).

[5] The Court has since granted a motion by Qualcomm for summary judgment, but the Plaintiffs are seeking permission to appeal. *See* Notice of Appeal, *In re: Qualcomm Antitrust Litig.*, 3:17-md-02773-JSC (N.D. Cal. Nov. 2, 2023), ECF No. 1011.

[6] Nyovanie Decl., Ex. 2, Order of the Chair, *Consumers' Ass'n v. Qualcomm, Inc.*, No. 1382/7/7/21 (July 24, 2023).

"considers that the easiest and most appropriate way for [Which?] to obtain the third party Confidential Material which it seeks from the FTC proceedings is for it to file an application at the US District Court under 28 U.S.C. §1782."[7]

Any documents filed by Apple and Samsung in the FTC Proceedings and the U.S. Class Action that evidence Qualcomm's conduct, and the impact that this conduct had on Apple and Samsung, are directly and highly relevant to Which?'s claim. Pursuant to Qualcomm's own direction, Which? seeks the requested documents from Apple and Samsung directly. In its document requests, Which? has provided specificity where possible (*e.g.*, listing deponents that were referenced in the FTC Proceedings), but has also included requests intended to capture any relevant documents that Which? has not been able to identify from publicly available information and that are likely to have been produced by Samsung and Apple for the purposes of the FTC Proceedings and/or U.S. Class Action.

From the FTC Proceedings, Which? therefore seeks (1) unredacted depositions given by witnesses for Samsung at trial, but which were sealed or subject to redactions; (2) unredacted versions of documents provided by Apple and Samsung that were selected by Qualcomm or the FTC (or jointly) as trial exhibits; and (3) to the extent they exist, unredacted copies of any other depositions, submissions, briefs, witness statements or expert reports provided by Apple or Samsung which relate to substantive issues. From the U.S. Class Action, Which? seeks (1) documents produced by Apple and Samsung which were considered by the Plaintiffs' expert, Dr. Michael Lasinski ("Lasinski"), in relation to his expert report, dated October 26, 2018, regarding what the appropriate FRAND royalty rate for Qualcomm's cellular SEPs should have been absent the anticompetitive conduct and the magnitude of any overcharge that Qualcomm may have historically levied on device purchases; (2) an exhibit referred to in the Class Certification Judgment as Apple's internal documents showing that Apple considered Qualcomm's royalty when pricing and designing iPhones to be sold in 2017; and (3) any other depositions, submissions, briefs, witness statements

---

[7] *See* Boyle Decl., at ¶ 22.

1  and expert reports provided by Apple or Samsung which relate to substantive issues.

2  **B. Apple and Samsung's Internal Evidence**

3  The disclosure ordered by the Tribunal in its July 2023 hearing includes documents disclosed

4  in the FTC Proceedings relating to negotiations between Qualcomm and Apple and Samsung in

5  relation to the grant of cellular SEP licenses and/or the making of component supply agreements.

6  However, as the cut-off date for discovery in the FTC Proceedings was March 30, 2018, the

7  disclosure ordered does not extend to documents created after that time. As Qualcomm has entered

8  into license agreements with Apple and Samsung after March 30, 2018, Which? therefore seeks

9  internal documents from Apple and Samsung that relate to their dependence on Qualcomm for

10  chipsets at the time Samsung's June 30, 2022 license and Apple's April 16, 2019 license were under

11  consideration and negotiated. This material will enable Which? to understand the impact

12  Qualcomm's actions had on Apple and Samsung's decision-making in relation to license agreements

13  entered into after March 30, 2018.

14  **C. Comparator Agreements**

15  SEP license agreements for LTE technology that relate to subscriber units (or end-user

16  devices) between Apple/Samsung and SEP-holders other than Qualcomm (but with SEP portfolios

17  comparable to Qualcomm) are relevant to the way in which Which?'s experts will assess the

18  counterfactual royalties in the U.K. Class Action.[8] Pursuant to the Tribunal's July 2023 order,

19  Which? has (or will have) information on actual royalties paid by Apple/Samsung to Qualcomm for

20  its LTE SEPs. However, Which?'s experts anticipate that Apple and Samsung's SEP licensing

21  agreements for subscriber units that relate to LTE technology with Telefonaktiebolaget LM Ericsson

22  ("Ericsson"), Nokia Corp. ("Nokia"), and InterDigital would best be used in a comparator analysis

23  with the licensing agreements between Apple/Samsung and Qualcomm. The Court's Order in the

24  FTC Proceedings referred to strong evidence from internal contemporaneous documents that

25  Qualcomm itself considered that its SEP portfolio was comparable to those of Nokia and Ericsson,

27  [8] Which? has filed reports and other documents prepared by its experts which explain how such documents will be used in their analysis.

and to expert analysis showing that Qualcomm's royalty rates were disproportionately high compared with the rates charged by those licensors. *See FTC*, 411 F. Supp. 3d at 788. Accordingly, Which? seeks these agreements in its requests.[9]

Which? also seeks certain documents which provide detail on the rationale for or assumptions underlying the level of the royalties payable pursuant to the agreements mentioned above, in order for Which?'s experts to be able to account for material differences in the characteristics of the agreements.

## IV.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order a person residing or found within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp.*, *see* 542 U.S. at 249, 260. The statute requires that: (1) the discovery sought is from a person residing in the district court to which the application is made; (2) the discovery is "for use" in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *See In re Republic of Equador*, No. C–10–80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010).

Over time, Congress has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Intel Corp.*, 542 U.S. at 247-49; *see In re Ex Parte LG Elecs. Deutschland GmbH*, No. 12-cv-1197-LAB (MDD), 2012 WL 1836283, at *3 (S.D. Cal. May 21, 2012) (noting that "[because] our courts favor broad discovery generally, the Court will authorize the issuance of the requested subpoena [under § 1782]"). In addition to the statutory requirements, courts also consider several non-statutory, non-exhaustive factors in determining whether to grant a Section 1782 application—the *Intel* factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an

---

[9] Which? has identified the existence of the relevant agreements by reference to materials which are in the public domain, on the basis of which it has endeavoured to specify the dates of those agreements as accurately as possible. Insofar as any of those dates may be inaccurate, Which? seeks disclosure of agreements corresponding to the substance of the description provided.

"attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

## V.  **ARGUMENT**

Which?'s application satisfies each of the statutory requirements, as well as the discretionary *Intel* factors.

### A.  **Which? Meets Section 1782's Statutory Requirements**

Which?'s request for discovery meets all three statutory requirements under Section 1782. *See* 28 U.S.C. § 1782.

*First*, the "person[s]" from whom discovery is sought—Samsung and Apple—"reside[ ] or [are] found" in this District. For the purposes of a § 1782 petition, the Northern District of California has generally held that a corporation is 'found' in any district in which it maintains an office. *See Super Vitaminas, S.A.*, No. 17-mc-80125-SVK, 2017 WL 5571037, at *2 & n.1 (N.D. Cal. Nov. 20, 2017) (concluding that a corporate entity was found in the district because it "operate[d two] corporate sales offices" therein); *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016) (concluding that corporate entities were found in the district because they maintained "in-district offices"); *In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*, No. 16-mc-80193-DMR, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016).

Apple is headquartered in Cupertino, California and has availed itself of (and been brought into) the Northern District on numerous occasions. *See Brodsky v. Apple Inc.*, No. 19-cv-00712-LHK, 2019 WL 4141936, at *1 (N.D. Cal. Aug. 30, 2019); *Apple, Inc. v. Samsung Elecs, Co.*, 67 F. Supp. 3d 1100 (N.D. Cal. 2014). Apple clearly resides in the District for Section 1782 purposes. Samsung is headquartered in South Korea, with several key entities domiciled in the U.S.—particularly, Samsung Semiconductor Inc. ("SSI") (based in California) and Samsung Electronics America Inc. ("SEA") (based in New Jersey). In the Northern District of California in particular, the Samsung Entities have conducted systematic and continuous local activities, including availing themselves of this Court's jurisdiction in a number of lawsuits, with several entities registered and authorized to do business in California. *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d at 1036 (noting that Samsung Research America, Inc. is headquartered in the District). This Court has itself held that Samsung's contacts in the Northern District of California are sufficient for Section 1782 purposes, explaining that "[t]he combination of the Samsung Entities' deliberate

choice of this forum for its litigation with the relatedness of that litigation to the Section 1782 application, SEA and [Samsung Telecommunications America] registration to do business in California and the presence of a Samsung subsidiary in this district makes it clear that the Samsung Entities engage in systematic and continuous activities in this district." *Id*. at 1037-38.

*Second*, the discovery Which? seeks is for use in a "proceeding [before] a foreign . . . tribunal," the Competition Appeal Tribunal of the United Kingdom. 28 U.S.C. § 1782(a). And *third*, as a named party in the foreign action, Which? qualifies as an "interested" party pursuant to Section 1782. *Id*.; *see Intel*, 542 U.S. at 256 (alteration in original) (noting that there is "[n]o doubt litigants are included among . . . the 'interested person[s]' who may invoke § 1782").

Accordingly, Which? patently satisfies all Section 1782's statutory requirements.

## B. The *Intel* Factors Favor Granting Which?'s Application

### 1. Apple and Samsung are Not Participants in the Foreign Proceeding.

The first *Intel* factor favors discovery where the responding party is "not a participant" in the foreign proceeding. *Intel*, 542 U.S. at 264. Specifically, the Supreme Court has noted that,

> when the person from whom discovery is sought is a participant in the foreign proceeding . . ., the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. . . . In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.

*Id*.

Here, both Apple and Samsung are not parties to the foreign proceeding, and accordingly, the Tribunal does not have the authority to order the parties to produce the evidence sought. The "need for § 1782(a) aid" is "apparent." *Id*.

### 2. The Tribunal Is Receptive to Proof-Gathering Assistance.

The second *Intel* factor similarly weighs in Which?'s favor, focusing on the receptivity of the foreign court to the evidence sought. Courts deny Section 1782 applications based on this *Intel* factor "where the foreign tribunal or government expressly says it does not want the U.S. federal

court's assistance." *In re Qualcomm Inc.*, No. 18-mc-80104-VKD, 2018 WL 3845882, at *3-*4 (N.D. Cal. Aug. 13, 2018).

In contrast, here, there is clear evidence the Tribunal is receptive to U.S. federal-court jurisdictional assistance, and has gone so far as to indicate that the parties should proceed to make any such application without delay (it noted during the July 5, 2023 Case Management Conference that it "will not be very sympathetic to suggestions that that timetable should be delayed because of the class representative's failure to get on with its applications in other jurisdictions.").[10] The Tribunal is aware that Which? is considering, and will likely apply for, third-party material due to the relevance of such material to various aspects of its claims, including further evidence of Qualcomm's anticompetitive behavior, the impact this behavior had on Apple and Samsung (and other smartphone manufacturers), and the resulting impact this had on consumers. Although the Tribunal lacks the mechanism to, and is thus itself unable to, facilitate the sought discovery as Apple and Samsung are outside the U.K.'s jurisdiction, "nothing in the text of § 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there." *Intel*, 542 U.S. at 260. "A foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture, or traditions—reasons that do not necessarily signal objection to aid from United States federal courts." *Id*. at 261. "When the foreign tribunal would readily accept relevant information discovered in the United States, application of a foreign-discoverability rule would be senseless." *Id*. at 262.

Accordingly, with no reason to believe the Tribunal would be unreceptive to judicial assistance, and indeed, the Tribunal indicating receptivity to such discovery at the July 2023 conference, Which?'s request satisfies the second *Intel* factor.

### 3. Which? Is Not Circumventing Foreign Proof-Gathering Restrictions.

The third *Intel* factor permits the Court to consider whether an applicant is seeking aid in bad faith, to "circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id*. at 265. This factor supports discovery in the absence of an actual proof-

---

[10] *See* Nyovanie Decl., Ex. 1 at 119:1-5.

gathering restriction.

Here, no order of the Tribunal has prohibited Which? from pursuing the requested discovery nor is Which? aware of any restrictions or policies imposed by the Tribunal that would prohibit the proof-gathering sought here. Rather, the Tribunal is solely unable to facilitate the requested discovery because it lacks the mechanism to do so given jurisdictional limitations. However, Section 1782 does not require that the documents sought be discoverable in the foreign courts. *Id*. at 260-63. Without compelling evidence that the Tribunal would reject the discovery Which? now seeks, this factor weighs again in Which?'s favor. *See*, *e.g.*, *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) (noting that "[o]nce a section 1782 applicant demonstrates a need for extensive discovery for aid in a foreign lawsuit, the burden shifts to the opposing litigant to demonstrate, by more than angry rhetoric, that allowing the discovery sought (or a truncated version of it) would disserve the statutory objectives").

### 4. Which?'s Discovery Requests Are Narrowly Tailored to Avoid Undue Burden.

The final *Intel* factor again favors Which?'s application as the discovery sought is not "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Which?'s document requests represent targeted efforts to gain evidence directly relevant to the areas at issue in the U.K. Class Action and are easily obtainable given that most requests are for documents already produced in related and/or overlapping litigations in the U.S. Both Samsung and Apple are likely to have "off-the-shelf" access to many of the relevant documents. Moreover, the documents sought are believed to be contained largely, if not entirely, in electronic databases—further lessening any potential burden. *See*, *e.g.*, *In re Ex Parte Apple Inc.*, No. MISC 12-80013 JW, 2012 WL 1570043, at *3 (N.D. Cal. May 2, 2012) (concluding request for Nokia to "search any centralized physical or electronic repositories whose principal purposes include the retention of . . . correspondence [related to Motorola/Nokia licenses]" was not unduly burdensome).

Which? is willing to protect the confidentiality of any sensitive documents produced, including via a protective order, and will cooperate with both Apple and Samsung to ensure the confidentiality of the documents is maintained in the U.K. Class Action. In this regard, there is a

sophisticated two-tiered confidentiality ring established in the U.K. Class Action that was set-up to ensure the protection of certain disclosure provided by Qualcomm in relation to third party material from the file of the European Commission. The confidentiality ring was revised in March 2023 to introduce an "inner ring" following discussions between Which?, Qualcomm and Apple.[11] Accordingly, Which?'s application and subpoenas place minimal burden on Apple and Samsung, and the final *Intel* factor should be deemed in Which?'s favor.

### C. The Court May Grant the Application *Ex Parte*

This Court may grant the application and permit service of the proposed subpoenas without hearing from Apple and the Samsung Entities as "[a]pplications pursuant to 28 U.S.C. § 1782 are frequently granted *ex parte* where the application is for the issuance of subpoenas and the substantial rights of the subpoenaed person are not implicated by the application." *In re Mesa Power Grp., LLC*, No. CIV.A. 2:11-mc-280-ES, 2012 WL 6060941, at *4 (D.N.J. Nov. 20, 2012). The basis for permitting *ex parte* applications in the Ninth Circuit is that the respondents "can . . . raise[ ] objections and exercise[ ] their due process rights by motions to quash the subpoenas." *In re Ex Parte Application of Pro-Sys Consultants*, No. 16-mc-80117-DMR, 2016 WL 3405547, at *3 (N.D. Cal. June 21, 2016) (internal quotation marks and citations omitted) (alterations in original)); *see In re Republic of Equador*, 2010 WL 3702427 at *2, *5 (same). Accordingly, the Court should grant this application *ex parte*.

### VI.    <u>CONCLUSION</u>

Which? easily satisfies Section 1782's statutory requirements. The *Intel* factors, in their entirety, only further support the Court exercising its discretion to grant Which?'s application.

Which? respectfully requests that this Court issue the proposed order authorizing Which? to serve Apple and Samsung with subpoenas in substantially the same form as those attached to the Application.

---

[11] Boyle Decl., at ¶ 33.

Dated: December 7, 2023

Respectfully submitted,

*s/ Samuel Maida*
Samuel Maida

***Counsel for Petitioner***

Samuel Maida (Cal. Bar. No. 333835)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
E-mail: smaida@hausfeld.com

Reena A. Gambhir (*pro hac* pending)
Brittany L. Nyovanie (*pro hac* pending)
HAUSFELD LLP
888 16th Street NW, Suite 300
Washington, DC 20006
Tel:     (202) 540-7200
Fax:     (202) 540-7201
E-mail: rgambhir@hausfeld.com
E-mail: bnieves@hausfeld.com