JAMES R. SIGEL (CA SBN 288478)
jsigel@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:   (415) 268-6948
Facsimile:   (415) 268-7522

*Attorney for Respondent Apple Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re *Ex Parte* Application of<br><br>CONSUMERS' ASSOCIATION<br><br>Petitioner for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery For Use in a Foreign Proceeding | CASE NO.: 5:23-mc-80322 (EJD)<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO STAY RESPONSE TO SUBPOENA PENDING RESOLUTION OF APPLE'S MOTION TO CONSOLIDATE PROCEEDINGS**<br><br>Judge:  Hon. Edward J. Davila |

PLEASE TAKE NOTICE that, pursuant Local Civil Rules 6-3 and 7-11, Apple Inc. ("Apple") hereby moves this Court for an order in the above-captioned miscellaneous proceeding (the "Which 1782 Proceeding") that defers the deadline for Apple to move to quash or otherwise respond to the subpoena that the Consumers' Association ("Which") served on Apple until the later of April 3, 2024 or 30 days after this Court rules on Apple's motion to consolidate the Which 1782 Proceeding with a miscellaneous proceeding in this District that has already been related to the Which 1782 Proceeding, *In re Qualcomm, Inc.*, No. 24-mc-80019 (the "Qualcomm 1782 Proceeding"). A stay of this deadline—which will cause no prejudice to Which or any other party, while also allowing necessary time for the parties to meet and confer—is needed to avoid duplicative briefing and ensure that the benefits of consolidation can be realized.

I. BACKGROUND

In February 2021, Which commenced a lawsuit (the "U.K. Action") against Qualcomm Inc. ("Qualcomm") before the Competition Appeal Tribunal of the United Kingdom (the "Tribunal"). *See* Dkt. No. 3 at 2.[1] Which alleges that Qualcomm breached U.K. and E.U. competition laws by leveraging its dominant position in the market for baseband processor chipsets to extract higher royalty payments for its standard essential patents ("SEPs") from smartphone manufacturers. *See Id.* at 2-3.

On January 9-10, 2024, the Tribunal held a case management conference at which the Tribunal indicated that the U.K. Action should be bifurcated into two phases: the first concerning liability and the second, if necessary, concerning damages. Sigel Decl. Ex. A (Jan. 9, 2024 Conference Transcript) at 3:11-4:24, 8:11-16. On January 29, 2024, the Tribunal entered an order memorializing its rulings, dividing the U.K. Action into liability and damages phases, setting the liability trial for no earlier than October 7, 2025, and deferring damages-related discovery until after that trial. Sigel Decl. Ex. B (Jan. 29, 2024 Tribunal Order) at 5, 13-16

On December 7, 2023, nearly three years after it commenced the U.K. Action, Which filed an application for discovery pursuant to 28 U.S.C. § 1782. *See* Dkt. Nos. 1-3. Which seeks a bevy of

---

[1] References to a "Dkt. No." or "Dkt. Nos." unaccompanied by a case caption are to the ECF docket numbers in this 1782 Proceeding. References to a "Qualcomm Dkt. No." or "Qualcomm Dkt. Nos." are to the ECF docket numbers in the Qualcomm 1782 Proceeding.

confidential and sensitive Apple documents, including those concerning (1) SEP license agreements between Apple and its suppliers, (2) documents bearing on Apple's relationship with its supplier Qualcomm (which provides chipsets for use in Apple's devices), and (3) documents produced or created by Apple as a non-party to prior lawsuits against Qualcomm in the United States, which were redacted on confidentiality grounds. *See* Dkt. No. 1; Dkt. No. 1-1 at 12-14. Which also sought substantively identical discovery from Samsung Semiconductor, Inc. and Samsung Electronics America, Inc. (together, the "Samsung Entities"). *Compare* Dkt. No. 1-1 at 12-14, *with* Dkt. No. 1-2 at 11-13.

On January 23, 2024, the Court entered an *ex parte* order granting Which's application. Dkt No. 21 at 7. This Court expressly noted that its order was made without prejudice "to any argument that may be raised in a motion to quash." *Id.* The Court required Apple to file such a motion within 30 days of service or notice of the subpoena and this Court's order. *Id.* Which served its subpoena on January 25, 2024, making Apple's deadline to move to quash February 26, 2024. *See* Sigel Decl. ¶ 4 & Ex. C

On January 26, 2024, Qualcomm filed a separate Section 1782 application seeking discovery from Apple and the Samsung Entities for purported use in the U.K. Action. Qualcomm is seeking to serve document requests that are substantially similar to those propounded by Which. *See* Qualcomm Dkt. Nos. 1, 1-2 and 1-3.

On January 30, 2024, Qualcomm filed a request to relate the 1782 Proceedings pursuant to Local Rules 3-12 and 7-11. Dkt. No. 22 at 2-3. The Court related the proceedings on February 7, 2024. *See* Dkt. No. 24. On February 9, 2024, this Court entered an *ex parte* order granting Qualcomm's application. Qualcomm Dkt. No. 14 at 6. This order was also made without prejudice "to any argument that may be raised in a motion to quash." *Id.* It also required both Apple and Samsung to file any such motion within 30 days of service or notice of the subpoena and this Court's order. *Id.* As of the filing of this motion, Apple has not been served with Qualcomm's subpoena or this Court's order.

Because the 1782 Proceedings involve overlapping questions of law and fact, Apple is filing, along with this motion, a motion to consolidate the 1782 Proceedings. *See* Fed. R. Civ. P. 42(a). If granted, consolidation would allow Apple to brief identical issues of fact and law in a single omnibus brief supporting its motion to quash Which's and Qualcomm's parallel subpoenas.

The Samsung Entities do not oppose the relief Apple seeks in this motion. *See* Sigel Decl. ¶ 6.

Which does not oppose extending the deadline for Apple to respond to Which's 1782 subpoena until April 3, 2024, and would consider further extensions if needed. Sigel Decl. ¶ 5. It does, however, oppose Apple's request to the extent Apples seeks to defer the motion-to-quash deadline until 30 days after this Court rules on Apple's motion to consolidate. Accordingly, Apple now files this motion seeking to stay its obligation to respond to or comply with Which's subpoena until the later of April 3, 2024 or 30 days after this Court rules on Apple's motion to consolidate.[2]

## II.  ARGUMENT

"Federal courts have inherent power 'to control the disposition of the causes on [their] docket[s] with economy of time and effort for [themselves], for counsel, and for litigants.'" *Sarkar v. Garland*, 39 F.4th 611, 617 (9th Cir. 2022) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Thus, a "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leya v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (collecting authorities).[3] "In considering whether a stay is appropriate," the Court should weigh three factors:

> "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (applying factors originally articulated in *Landis*). "[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending" because "of the judicial resources that are conserved." *Johnson v. Starbucks Corp.*, 2018 WL 2938548, at *2 (N.D. Cal. June 12, 2018) (quotation marks and citations omitted).

These considerations heavily favor deferring Apple's obligation to move to quash or otherwise

---

[2]  In the near future, Apple will file an administrative motion or joint stipulation, as applicable, in the Qualcomm 1782 Proceeding seeking to stay its deadline to reply to Qualcomm's 1782 subpoena so that, after consolidation, it can file an omnibus brief in support of its motion to quash both subpoenas.

[3]  Apple does not seek to stay the entire Which 1782 Proceeding, but only to stay its obligation to move to quash or otherwise respond to or comply with Which's subpoena until this Court can rule on Apple's motion to consolidate. Since discovery is the purpose of a Section 1782 proceeding, Apple nevertheless explains why it would be entitled to a stay of the entire proceeding.

respond to Which's subpoena until after this Court rules on Apple's motion to consolidate.

*First*, without a stay of Apple's current deadline to file a motion to quash, Apple would face the hardship of submitting parallel or serial briefing on the same issues—undermining much of the purpose of the consolidation Apple seeks. Which and Qualcomm both seek discovery under Section 1782 from Apple and the Samsung Entities for use in the same U.K. Action. These discovery requests overlap substantially. *See* Qualcomm Dkt. No. 1 at 4. In both actions, the critical question will be the same: whether the highly confidential and sensitive material the parties seek from Apple and Samsung should be disclosed, consistent with Section 1782 and the factors that govern courts' consideration of Section 1782 requests. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-66 (2004). Requiring Apple to move to quash Which's subpoena before this Court has addressed Apple's motion to consolidate will result in Apple's needlessly serial and duplicative briefing on these common issues. *Mears v. All-Clad Metalcrafters LLC*, 2021 WL 690258 at *2 (N.D. Cal. Feb. 23, 2021) (ordering a stay pending transfer and consolidation because "if [the] case is not stayed, defendants would face the hardship of litigating parallel motions on the same issues"); *In re Verifone, Inc.*, 2018 WL 3532761, at *6 (N.D. Cal. July 23, 2018) (staying compliance with a subpoena to avoid requiring a non-party to "re-litigate" the same issues and incur "unnecessary expense"); *Fuller v. Amerigas Propane Inc.*, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009) (granting stay pending a case-transfer determination when defendants' efforts could be "rendered . . . redundant" without a stay).[4]

*Second*, and relatedly, deferring Apple's motion to quash will prevent this Court from needing to consider serial, duplicative briefing on identical issues. "There is simply no reason for this Court to expend its time and energy" considering identical issues serially when briefly postponing Apple's motion to quash will result in consolidated briefing. *See Tucker v. Organon USA, Inc.*, 2013 WL 2255884, at *2 (N.D. Cal. May 22, 2013) (staying a case pending consolidation when, as here, the potentially consolidated actions "raise common issues that can be handled more efficiently through

---

[4] This result would be particularly inappropriate when both Which and Qualcomm—parties to the U.K. Action—seek to pile substantial discovery obligations on Apple, which is not a party to that U.K. Action. *Cf. In re Nikon Corp.*, 2017 WL 4224770, at * (N.D. Cal. Sept. 22, 2017) (staying Section 1782 discovery when a stay could potentially save respondent from expending resources unnecessarily and applicant was "seeking to impose its legal disputes on a third party who wants no part of them").

consolidated . . . proceedings").[5]

*Finally*, there is no risk of harm to Which if briefing of the motion to quash, or compliance with its subpoena, is deferred for the short time necessary to determine whether to consolidate proceedings. Given that Which waited nearly three years after initiating the U.K. Action to commence this action, a modest, additional delay that allows third parties like Apple and the Samsung Entities to respond more efficiently to Which's (burdensome) discovery requests is hardly prejudicial to Which. That is especially true when the first-phase liability trial in the U.K. Action will not take place before October 2025—nearly two years from now—and the damages trial, if it ever occurs, is even further on the horizon. *See Mears*, 2021 WL 690258, at *2 (plaintiffs "are not likely to be prejudiced" by a stay pending a decision on transfer and consolidation that would "likely be" rendered within five weeks of the stay order).[6] Moreover, deferring briefing on Apple's motion to quash will provide more time for the parties to meet and confer, potentially resolving some or all the issues related to Which's and Qualcomm's discovery requests and obviating the need bring disputes to this Court. If anything, any slight additional time needed for this Court to resolve this consolidation motion will thus benefit both Which and the Court.

## III.  CONCLUSION

For the foregoing reasons, Apple respectfully requests that this Court issue an order that defers Apple's motion to quash or otherwise respond to or comply with Which's subpoena until the later of April 3, 2024 or 30 days after this Court rules on Apple's motion to consolidate, and grant any other relief as is just and proper.

---

[5]  *Accord Fuller*, 2009 WL 2390358, at *2 (granting a stay pending consolidation would "not only conserve the resources of th[e] [c]ourt, but w[ould] also preserve those of both parties involved while simultaneously allowing them to . . . avoid duplicative or unnecessary tasks."); *Johnson*, 2018 WL 2938548, at *2 ("Granting a stay pending resolution of the motion to transfer and consolidate will promote consistency and judicial economy."); *Sanborn v. Asbestos Corp.*, 2009 WL 195922, at *2 (N.D. Cal. Jan. 27, 2009) (granting stay pending a request for consolidation because "a stay will further the aim of judicial efficiency by preventing a duplication of proceedings before this court.")

[6]  *Accord Lauachus v. Mckesson Corp.*, 2017 WL 11316884 at *1-2 (N.D. Cal. April 10, 2017) (no prejudice to plaintiffs where MDL transfer motion was likely to be resolved eight weeks after date of order); *Barnes et al. v. McKesson Corp. et al.*, 2013 WL 12218462 at *1 (N.D. Cal. Aug. 16, 2017) (no prejudice to plaintiffs "because JMPL's final decision on transfer is likely to be issued shortly."); *Tucker v. Organon USA, Inc.*, 2013 WL 2255884, at *2 (N.D. Cal. May 22, 2013) (no prejudice from "temporary stay, which in any event is likely to be brief" pending a decision on a request to transfer and consolidate the case).

| | | |
|---|---|---|
| 1 | DATED: February 14, 2024 | Respectfully submitted |
| 2 | | /s/  *James R. Sigel* |
| 3 | | James R. Sigel<br>jsigel@mofo.com |
| 4 | | MORRISON & FOERSTER LLP<br>425 Market Street |
| 5 | | San Francisco, California 94105-2482<br>Telephone:    (415) 268-6948 |
| 6 | | Facsimile:    (415) 268-752 |
| 7 | | *Attorney for Respondent Apple Inc.* |

# CERTIFICATE OF SERVICE

I certify that on the 14th day of February, 2024, I electronically transmitted the foregoing document and associated papers to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter. I also served the foregoing document and associated papers by e-mail on all counsel of record in the 1782 Proceedings, as defined above.

/s/   *James R. Sigel*

James R. Sigel
jsigel@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:    (415) 268-6948
Facsimile:     (415) 268-752

*Attorney for Respondent Apple Inc.*