JAMES R. SIGEL (CA SBN 288478)
JamesSigel@dwt.com
DAVIS WRIGHT TREMAINE LLP
50 California Street, 23rd Floor
San Francisco, California 94111-4701
Telephone:   (415) 276-6500

*Attorney for Respondent Apple Inc.*

*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

IN RE: CONSUMERS' ASSOCIATION LITIGATION

CASE NO.: 5:23-mc-80322 (EJD)
(Consolidated)

**STIPULATION AND PROPOSED ORDER EXTENDING DEADLINE TO MOVE TO QUASH OR RESPOND TO SUBPOENAS**

Pursuant to Local Civil Rules 6-2 and 7-12, applicants Consumers' Association ("Which") and Qualcomm Incorporated ("Qualcomm") and respondents Apple Inc. ("Apple"), Samsung Semiconductor, Inc. ("SSI"), and Samsung, Electronics America, Inc. ("SEA," and together with SSI, the "Samsung Entities") hereby stipulate as follows:

WHEREAS, on December 7, 2023, Which commenced the above-captioned miscellaneous proceeding (the "Which 1782 Proceeding") seeking discovery pursuant to 28 U.S.C. § 1782 ("Section 1782") from Apple, as well as the Samsung Entities, in connection with a lawsuit (the "U.K. Action") that Which commenced against Qualcomm before the Competition Appeal Tribunal of the United Kingdom, *see* Dkt. No. 1;[1]

---

[1] References to a "Dkt. No." refer to the ECF numbers in the above-captioned, consolidated

WHEREAS, on January 23, 2024, the Court entered an *ex parte* order in the Which 1782 Proceeding authorizing Which to serve subpoenas on Apple and the Samsung Entities, without prejudice to any argument that may be raised in a motion to quash, and requiring Apple and the Samsung Entities to file any such motion within 30 days of service or notice of the subpoenas and this Court's January 23, 2024 order, *see* Dkt. No. 21 at 7;

WHEREAS on January 25, 2024, Apple received a copy of Which's subpoena and this Court's January 23, 2024 order;

WHEREAS, on January 29, 2024, SSI received, but was not served with, a copy of Which's subpoena and SEA was served with Which's subpoena on February 2, 2024;

WHEREAS SSI served written objections to Which's aforementioned subpoena on February 12, 2024, and SEA served written objections to Which's aforementioned subpoena on February 13, 2024;

WHEREAS, on February 23, 2024, Which served SSI with Which's subpoena, and also re-served SEA with Which's subpoena;

WHEREAS SSI and SEA served amended written objections and responses to Which's subpoenas on March 8, 2024;

WHEREAS, on January 26, 2024, Qualcomm commenced a separate miscellaneous proceeding captioned *In re Ex Parte Application of: Qualcomm Incorporated*, No. 5:24-mc-80019 (N.D. Cal) (the "Qualcomm 1782 Proceeding" and, with the Which 1782 Proceeding, the "1782 Proceedings") seeking discovery pursuant to Section 1782 from Apple and the Samsung Entities in connection with the U.K. Action, *see* Qualcomm Dkt. No. 1;

WHEREAS, on February 7, 2024, the Court entered an order relating the 1782 Proceedings pursuant to Local Civil Rules 3-12 and 7-11, *see* Dkt. No. 24; Qualcomm Dkt. No. 13;

WHEREAS, on February 9, 2024, this Court entered an *ex parte* order in the Qualcomm 1782 Proceeding authorizing Qualcomm to serve subpoenas on Apple and the Samsung Entities,

Which 1782 Proceeding. References to a "Qualcomm Dkt. No." refer to the ECF numbers in the Qualcomm 1782 Proceeding, as defined herein.

without prejudice to any argument that may be raised in a motion to quash, and requiring Apple and the Samsung Entities to file any such motion within 30 days of service or notice of the subpoena and this Court's February 9, 2024 order, *see* Qualcomm Dkt. No. 14 at 6;

WHEREAS, on February 15, 2024, Qualcomm served a subpoena and a copy of this Court's February 9, 2024 order on Apple;

WHEREAS, on February 16, 2024, Qualcomm served subpoenas on SSI and SEA, along with a copy of this Court's February 9, 2024 order;

WHEREAS SSI and SEA served written objections to Qualcomm's subpoenas on March 1, 2024;

WHEREAS, on February 16, 2024, this Court entered a stipulated order in each of the 1782 Proceedings setting April 3, 2024 as the deadline for the Samsung Entities to move to quash the subpoenas that Which and Qualcomm were authorized to serve on them, *see* Dkt. No. 30; Qualcomm Dkt. No. 18;

WHEREAS, on February 21, 2024, this Court entered an order in each of the 1782 Proceedings granting Apple's motion to stay the deadline for Apple to respond to the subpoena that Which delivered to Apple, and ordering that Apple "need not move to quash, respond to or comply with" that subpoena "until April 3, 2024," *see* Dkt. No. 32; Qualcomm Dkt. No. 20;

WHEREAS, on March 15, 2024, this Court entered a stipulated order in the Qualcomm 1782 Proceeding setting April 3, 2024 as the deadline for Apple to move to quash or respond to the subpoena that Qualcomm served on Apple, *see* Qualcomm Dkt. No. 22;

WHEREAS, on March 28, 2024, this Court consolidated the 1782 Proceedings pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, and ordered that all papers to be filed in the consolidated actions shall be filed in the above captioned-miscellaneous proceeding;

WHEREAS, on April 1, 2024, this Court entered a stipulated order in the consolidated 1782 Proceedings setting April 24, 2024 as the deadline for Apple and the Samsung Entities to move to quash or respond to the subpoenas served on them by Which and Qualcomm, *see* Dkt. No. 38;

WHEREAS, on April 19, 2024, this Court entered a stipulated order in the consolidated 1782 Proceedings setting May 15, 2024 as the deadline for Apple and the Samsung Entities to move to quash or respond to the subpoenas served on them by Which and Qualcomm, *see* Dkt. No. 40;

WHEREAS, on May 13, 2024, this Court entered a stipulated order in the consolidated 1782 Proceedings setting June 5, 2024 as the deadline for Apple and the Samsung Entities to move to quash or respond to the subpoenas served on them by Which and Qualcomm, *see* Dkt. No. 42;

WHEREAS, since May 13, 2024, Which, Qualcomm, Apple and the Samsung Entities have continued to meet and confer in good faith;

WHEREAS, on May 29, 2024, Which agreed to Apple's request to extend the deadline to move to quash or respond to Which's subpoena, so as to continue exploring whether a compromise can be reached that would obviate the need for a motion to quash, and, thereafter, Qualcomm and the Samsung Entities also agreed that such extension would help all parties to continue exploring whether such a compromise can be reached; and

WHEREAS, Which, Qualcomm, Apple, and the Samsung Entities wish to set June 20, 2024 as the deadline for Apple and the Samsung Entities to move to quash or respond to Which's and Qualcomm's subpoenas, thereby aligning all parties' motion-to-quash deadlines in the 1782 Proceedings and thereby allowing an opportunity for efficient briefing of any motions to quash.

NOW THEREFORE, WHICH, QUALCOMM, APPLE, AND THE SAMSUNG ENTITIES HEREBY STIPULATE, subject to the approval of this Court, that June 20, 2024 is the deadline for Apple and the Samsung Entities to move to quash or respond to the subpoenas that Which and Qualcomm served on Apple and the Samsung Entities in connection with the 1782

Proceedings.  The timing and procedures set forth in Federal Rule of Civil Procedure 45 shall otherwise apply.[2, 3]

---

[2] To clarify Which's position in an ongoing dispute between Which and the Samsung Entities, Which does not hold the view that the Court's deadline for the motion to quash is obviated by any non-party serving objections to the subpoena. The parties may seek a clarification from the Court, if necessary.

[3] The Samsung Entities do not understand the Court's orders or the parties' stipulations (which specifically include the phrase "[t]he timing and procedures set forth in Federal Rule of Civil Procedure 45 shall otherwise apply") to require a motion to quash in order to preserve objections if a subpoena recipient timely served written objections under Rule 45, and view these stipulations as merely preserving the option of filing a motion to quash.

| | | |
|---|---|---|
| 1 | DATED: June 4, 2024 | Respectfully submitted |
| 2 | | |
| 3 | | /s/   *James R. Sigel* |
| | | James R. Sigel (Cal. Bar. No. 288478) |
| 4 | | DAVIS WRIGHT TREMAINE LLP |
| | | 50 California Street, 23rd Floor |
| 5 | | San Francisco, California 94111-4701 |
| | | Telephone:     (415) 276-6500 |
| 6 | | E-mail: JamesSigel@dwt.com |
| 7 | | *Attorney for Respondent Apple Inc.* |

/s/   *Leo D. Caseria*

Leo D. Caseria (Cal. Bar. No. 240323)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
Telephone:     (213) 620-1780
Facsimile:     (213) 620-1398
E-mail: lcaseria@sheppardmullin.com

Mona Solouki (Cal. Bar. No. 215145)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone:     (415) 434-9100
Facsimile:     (415) 434-3947
E-mail: msolouki@sheppardmullin.com

*Attorneys for Respondents Samsung Semiconductor, Inc. and Samsung Electronics America, Inc.*

 /s/ *Samuel Maida*

Samuel Maida (Cal. Bar. No. 333835)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel:     (415) 633-1908
Fax:     (415) 358-4980
E-mail: smaida@hausfeld.com

- 6 -

STIPULATION AND PROPOSED ORDER – CONSOLIDATED CASE NO. 5:23-mc-80322

Reena A. Gambhir (*pro hac vice*)
Mary Sameera Van Houten Harper (*pro hac vice*)
HAUSFELD LLP
888 16th Street NW, Suite 300
Washington, D.C. 20006
Telephone:   (202) 540-7200
Facsimile:   (202) 540-7201
E-mail: rgambhir@hausfeld.com
E-mail: mvanhouten@hausfeld.com

*Attorneys for Petitioner Consumers' Association*

/s/ *Katherine G. Connolly*
Katherine G. Connolly (CA SBN 313640)
katie.connolly@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
555 California Street, Suite 3300
San Francisco, California 94104
Telephone:   (628) 231-6800
Facsimile:   (628) 231-6799

Richard S. Zembek (*pro hac vice*)
richard.zembek@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney Street, Suite 5100
Houston, Texas 77010
Telephone:   (713) 651-5151
Facsimile:   (713) 651-5246

Felice Galant (*pro hac vice*)
felice.galant@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone:   (212) 318-3000
Facsimile:   (212) 318-3400

*Attorneys for Applicant Qualcomm Incorporated*

**ATTESTATION PURSUANT TO LOCAL CIVIL RULE 5-1(i)(3)**

Pursuant to Local Civil Rule 5-1(i)(3), I certify under penalty of perjury that concurrence in the filing of this document has been obtained from the signatories above.

/s/ *James R. Sigel*

JAMES R. SIGEL

## [PROPOSED] STIPULATED ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED that the deadline for Apple and the Samsung Entities to move to quash or respond to the subpoenas served on them by Which and Qualcomm shall be extended to June 20, 2024. The timing and procedures set forth in Federal Rule of Civil Procedure 45 shall otherwise apply.

Date:_____            _____
                                  HONORABLE EDWARD J. DAVILA
                                  UNITED STATES DISTRICT JUDGE