Reena A. Gambhir (*pro hac vice*)
Mary S. Van Houten Harper (*pro hac vice*)
HAUSFELD LLP
888 16th Street NW, Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201
E-mail: rgambhir@hausfeld.com
E-mail: mvanhouten@hausfeld.com

Samuel Maida (Cal. Bar. No. 333835)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980 E-mail: smaida@hausfeld.com

*Counsel for Petitioner*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re CONSUMERS' ASSOCIATION LITIGATION | Case No. 5:23-mc-80322-EJD (Consolidated)<br><br>**PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL FOR SOLE USE IN A FOREIGN CLASS ACTION LITIGATION PENDING IN THE COMPETITION APPEAL TRIBUNAL OF THE UNITED KINGDOM, ENTITLED CONSUMERS' ASSOCIATION V. QUALCOMM, INC., CASE NO. 1382/7/7/21** |

1.     PURPOSES AND LIMITATIONS

Consumers' Association ("Which") and Qualcomm, Incorporated ("Qualcomm") (together "Serving Parties") initiated separate actions pursuant to 28 U.S.C. § 1782 to obtain discovery from Apple, Inc. ("Apple"), Samsung Semiconductor, Inc., and Samsung Electronics America, Inc. (together "Samsung Entities") (Apple and Samsung Entities are together "Subpoenaed Parties") in connection with a foreign class action litigation pending in the Competition Appeal Tribunal of the United Kingdom ("Tribunal"), entitled *Consumers' Association v. Qualcomm, Inc.*, Case No. 1382/7/7/21 (the "U.K. Class Action").  On March 28, 2024, this Court consolidated the two actions in this Court.  The consolidated action is now entitled, IN RE: CONSUMERS' ASSOCIATION LITIGATION, Case No. 5:23-cv-80322-EJD ("Consolidated Action").

The parties recognize that Disclosure or Discovery Material that may be produced by the Subpoenaed Parties in connection with the U.K. Class Action are likely to involve confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending the U.K. Class Action may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order to govern any material that may be produced in connection with the U.K. Class Action. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Serving Parties and Subpoenaed Parties consent to the jurisdiction of this Court for purposes of enforcing the terms of this protective order.

The parties further acknowledge that, as set forth in Section 10, below, this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.     DEFINITIONS

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Designated House Counsel: in-house counsel of the Parties who are not Outside Counsel of Record and who seek access to "CONFIDENTIAL" information or items under Section 7.2 of this Order.

2.4     Designating Party: a Subpoenaed Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Consolidated Action.

2.6     Expert: a person, who is not an employee of a Serving Party or engaged in a competing business of the Serving Parties or Subpoenaed Parties, including any firm engaged in the design, manufacture or sale of cellular technology, cellular products or cellular subscriber services, with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Serving Party or its counsel to serve as an expert witness or as a consultant in the U.K. Class Action, except as otherwise agreed by the Designating Party, as well as employees of the firm with which the Expert is associated or independent contractors who are necessary to assist the Expert's work.

2.7     HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items refers to extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity, other than the Subpoenaed Parties, that is not named as a Party in the U.K. Class Action.

2.9     <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party but are retained to represent or advise a Party, and have appeared in this Consolidated Action and/or the U.K. Class Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, as well as such attorneys' support staffs.

2.10    <u>Party</u>: any Receiving Party that is a party to this Consolidated Action and the U.K. Class Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    <u>Producing Party</u>: a Subpoenaed Party that produces Disclosure or Discovery Material for the sole use in, and purpose of, prosecuting or defending the U.K. Class Action.

2.12    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."  For avoidance of doubt, Protected Material include any and all Disclosure or Discovery Material that were previously produced by a Subpoenaed Party or obtained from that Subpoenaed Party's witnesses in *In Re: Qualcomm Antitrust Litig.*, Case No. 5:17-md-02773-LHK (N.D. Cal) ("U.S. Class Action"); *In re Qualcomm Litigation*, No. 17-cv-108 (S.D. Cal.) ("Apple Action"), and *Federal Trade Commission v. Qualcomm Inc.*, 5:17-cv-220-LHK (N.D. Cal.) ("FTC Action") (together "U.S. Actions") that the Subpoenaed Party may agree to deem produced in connection with the U.K. Class Action and were previously designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or that bear similar designations in the U.S. Actions.

2.14    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material, directly or indirectly, from a Subpoenaed Party.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied, derived, or extracted from Protected

Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that concern, reference, or might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure (other than any information known as a result of previous disclosure by the Subpoenaed Parties in previous legal action(s) and subject to existing confidentiality obligations in connection with such legal action(s)) or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.      DURATION

Even after final disposition of the U.K. Class Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in the U.K. Class Action, with or without prejudice; and (b) final judgment therein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Designating Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

1      Mass, indiscriminate, or routinized designations are prohibited except as provided

2   specifically in this order or any federal statute or regulation.

3      If it comes to a Designating Party's attention that information or items that it designated for

4   protection do not qualify for protection at all or do not qualify for the level of protection initially

5   asserted, that Designating Party must promptly notify all other parties that it is withdrawing the

6   mistaken designation.  For avoidance of doubt, Protected Material that was previously designated

7   for confidentiality protection and produced by a Subpoenaed Party in the U.S. Actions shall be

8   exempt from this paragraph 5.1, and need not be re-designated prior to reproduction in this

9   Consolidated Action to qualify as Protected Material pursuant to this Order if it is re-produced or

10  deemed produced by any Subpoenaed Party in connection with this Consolidated Action. However,

11  as discussed below, the Designating Party agrees to meet and confer in good faith with the Receiving

12  Party regarding a Receiving Party's request for re- or de-designation of Protected Material from the

13  U.S. Actions.

14      5.2     Manner and Timing of Designations.

15          (a)     Notwithstanding the Provisions of this Section 5, any Disclosure or

16  Discovery Material from the U.S. Actions that may be reproduced or deemed produced in this

17  Consolidated Action in connection with the U.K. Class Action by a Subpoenaed Party need not be

18  rebranded and redesignated prior to such reproduction.  To the extent such material was previously

19  designated and marked as "CONFIDENTIAL," "HIGHLY-CONFIDENTIAL – ATTORNEYS'

20  EYES ONLY," or bore a similar designation in the U.S. Actions, such material shall be deemed

21  designated and treated as "CONFIDENTIAL" under this protective order, subject to the exception

22  applicable to the Samsung Entities noted below.  To the extent such material was previously deemed

23  or designated and marked either as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

24  EYES ONLY" or bore a similar designation in the U.S. Actions, they shall be deemed designated

25  and treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" under this

26  protective order, consistent with the supplemental protective orders that governed such material in

27  the U.S. Actions.  *See, e.g.*, FTC Action, ECF No. 420 ("ECF No. 420"), U.S. Class Action, ECF

28  No. 249 ("ECF No. 249") (orders granting Samsung Entities' Assented to Motions to Supplement

the Protective order). For the avoidance of doubt, materials designated or marked "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY" by any of the Samsung Entities in the U.S. Actions, or which bore a similar designation, shall be deemed designated and treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" under this protective order, consistent with Section 5 of ECF Nos. 420 and 249. The Subpoenaed Parties agree to meet and confer in good faith with the Serving Parties regarding any confidentiality designation that was carried over from the U.S. Actions, even if a Serving Party has not yet formally started the process for challenging confidentiality designations pursuant to Section 6 below.

(b)    Except as otherwise provided in this Order (*see, e.g.*, Section 5.2(a) above), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires that for information in documentary form (e.g., paper or electronically stored information ("ESI"), but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" to each page that contains protected material.  For transcripts of depositions or other pretrial or trial proceedings from the U.S. Actions, the prior designations of such material in those actions shall govern.

(c)    For all other information or tangible items, that the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the label "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this

Order. Following a correction of a designation, the Producing Party shall provide re-labeled copies of the information or items to each Receiving Party reflecting the change in designation.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.2    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, or the Challenging Party establishing that the Designating Party is unwilling to participate in the meet and confer process in a timely manner, as applicable. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The parties may stipulate without court order to amend the time period within which a motion shall be filed.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO PROTECTED MATERIAL

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced in connection with this Consolidated Action only for prosecuting or defending the U.K. Class Action, including any appeal therefrom. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the U.K. Class Action has been terminated, a Receiving Party must comply with the provisions of Paragraph 17 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record (1) who do not provide commercial advice (as opposed to legal advice) to a Receiving Party and (2) to whom it is reasonably necessary to disclose the information for prosecuting or defending the U.K. Class Action;

(b)    Designated House Counsel of each Receiving Party, identified in Exhibit B (which list may be amended with notice and upon the written agreement of both the Designating Parties), (1) who have no involvement in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), (2) to whom disclosure is reasonably necessary for prosecuting or defending the U.K. Class Action, and (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as their support staff, provided that such support staff are not involved in competitive decision-making and have been informed of the confidential nature of the Protected Material and the terms of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) but if such support staff does not sign the Acknowledgement and Agreement to Be Bound (Exhibit A), any Designated House Counsel who provides "CONFIDENTIAL" information to their support staff shall be responsible for ensuring such support staff's compliance with the terms of this Order;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for prosecuting or defending the U.K. Class Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as their support staff, provided that such support staff are not involved in competitive decision-making and have been informed of the confidential nature of the Protected Material and the terms of the "Acknowledgment and Agreement to Be Bound" (Exhibit A), but if such support staff does not sign the Acknowledgment and Agreement to be Bound (Exhibit A), any Expert who provides "CONFIDENTIAL" information to their support staff shall be responsible for (i) ensuring such support staff's compliance with the terms of this Order, and (ii) any damages to the Designating Party resulting from such support staff's noncompliance with the terms of this Order;

(d)    the Court and/or the Tribunal and their personnel in this Consolidated Action and the U.K. Class Action, provided that, before submitting any Protected Material to the Tribunal presiding over the U.K. Class Action, or any court hearing or handling an appeal therefrom, or before referring to any Protected Material at any hearing, conference, trial, witness examination or any other proceeding taking place before the Tribunal in the U.K. Class Action or any court hearing or handling an appeal therefrom, the Receiving Party must obtain an order from that court that provides at least as much protection for such Protected Material as is found in the terms of this Order and restricts access to such Protected Material to the persons entitled to access pursuant to the terms of this Order;

(e)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for prosecuting or defending the U.K. Class Action and this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their testimony or in preparation for their testimony, witnesses in the U.K. Class Action and their counsel to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by this Court. Such disclosure may only occur for the purpose of assisting the preparation or examination of the witness, and must in any event be made on

compliance with section 7.2(d) above. The Receiving Party using "CONFIDENTIAL" material for this purpose must ensure that pages of transcribed testimony or exhibits thereto that reveal, reference, refer to or concern "CONFIDENTIAL" material are separately bound, and are not disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)    the Designating Party or its employees, the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Consolidated Action and the U.K. Class Action, as well as employees of said Outside Counsel of Record (1) who do not provide commercial advice (as opposed to legal advice) to said Party and (2) to whom it is reasonably necessary to disclose the information for the litigation;

(b)    persons who appear on the face of the Protected Material as an author, addressee, or recipient, or who are the custodians of the Protected Material;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for prosecuting or defending the U.K. Class Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), subject to the provisions and limitations set forth in Section 8 herein, as well as their support staff, provided that such support staff are not involved in competitive decision-making and have been informed of the confidential nature of the Protected Material and the terms of the "Acknowledgment and Agreement to Be Bound" (Exhibit A), but if such support staff does not sign the Acknowledgment and Agreement to be Bound (Exhibit A), any Expert who provides "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information to their support staff shall be responsible for (i) ensuring such support staff's compliance with the terms of this Order, (ii) any damages to the Designating Party resulting from such support staff's noncompliance with the terms of this Order;

(d)     the Court and/or the Tribunal and their personnel in this Consolidated Action and the U.K. Class Action, provided that before submitting any Protected Material to the Tribunal presiding over the U.K. Class Action, or any court hearing or handling an appeal therefrom, or before referring to any Protected Material at any hearing, conference, trial, witness examination or any other proceeding taking place before the Tribunal in the U.K. Class Action or any court hearing or handling an appeal therefrom, the Receiving Party must obtain an order from that court that provides at least as much protection for such Protected Material as is found in the terms of this Order and restricts access to such Material to the persons entitled to access pursuant to the terms of this Order;

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for prosecuting or defending the U.K. Class Action and this action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     witnesses as permitted in Section 9 of this Order, provided that, before propounding, eliciting or giving testimony concerning, referencing or revealing "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material before the Tribunal in the U.K. Class Action or any court hearing or handling an appeal therefrom, a Receiving Party must comply with section 7.3(d) above. Such disclosure may only occur for the purpose of assisting the preparation or examination of the witness, and must in any event be made on compliance with section 7.3(d) above. The Receiving Party using "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material for this purpose must ensure that pages of transcribed testimony or exhibits thereto that reveal, reference, refer to or concern "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material are separately bound, and are not disclosed to anyone except as permitted under this Stipulated Protective Order;

7.4     Each person to whom Protected Material may be disclosed, and who is required to sign the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A to the Protective Order, shall do so prior to the time such Protected Material is disclosed to him or her, unless otherwise agreed by the Designating Party or ordered by this Court.  Counsel for a Receiving Party

who makes such a disclosure shall provide the recipient a copy of this Order. Counsel for a Receiving Party who makes any disclosure of Protected Material shall retain each original executed acknowledgment and provide a copy thereof to counsel for the applicable Designating Party within (5) five business days of execution of the Acknowledgement and Agreement to Be Bound.

8.     ACCESS BY EXPERTS

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Subpoenaed Party whose Protected Material is at issue, a Receiving Party that seeks to disclose to an Expert (as defined in the Protective Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" by that Designating Party first must make a written request by email to outside counsel for the Designating Party that (1) sets forth the full name of the Expert and the city or state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years[1], and (5) identifies (by name and number of the case, filing date, and location of the court) any litigation in connection with which the Expert has offered expert testimony, including through declaration, report, or testimony at a deposition or trial, during the preceding five years.[2]

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Receiving Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[2] The Designating Party will keep the Receiving Party's written request, and all information disclosed therein, confidential and will not disclose that information to anyone outside of the Designating Party, including any other Party, except that the Designating Party may submit such information to the Court in a joint letter brief submitted pursuant to Section 8(c) of this Order to the extent that submitting such information is reasonably necessary to resolve any disagreement that arises under Section 8 of this Order. The Designating Party agrees that it will not oppose the Receiving Party's request to file such information under seal pursuant to Civil L. R. 79-5.

(b)     A Receiving Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within (5) five business days of delivering the request, the Receiving Party receives a written objection from the Designating Party to whom the request is made.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Receiving Party that receives a timely written objection from a Designating Party must meet and confer with that Designating Party to try to resolve the matter by agreement within seven (7) business days of the written objection.  If no agreement is reached within such time, the Receiving Party seeking to make the disclosure and the Designating Party whose Protected Material is at issue may file a joint discovery letter brief, requesting that the Court resolve the matter. Any such joint letter brief must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such joint letter must describe the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  If no agreement is reached, no "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items shall be disclosed to the Expert unless or until the Court grants the Receiving Party permission to do so.

9.     USE OF HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

9.1     Use at Depositions and During Trial Testimony.  Except as may be otherwise ordered by the Court, any Receiving Party may examine any person as a witness at depositions, hearings, and/or trial in the U.K. Class Action or any appeal therefrom, concerning "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items of which such person has prior knowledge, provided that any Receiving Party giving or eliciting any such in-court testimony in the U.K. Class Action concerning or revealing Protected Material must comply with sections 7.2(d)  and 7.3(d) above, as applicable.  Such material may be shown to the following persons and extent:

(a)     Any Receiving Party may examine any witness concerning any document containing "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items that appears on its face or from other documents or testimony to have been received from or communicated to that witness as a result of any contact or relationship with the Designating Party whose Protected Material is at issue, or a representative of that Designating Party; and

(b)     During the provision of such testimony, any person other than the witness, his or her attorney(s), and any person qualified to receive "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items under this Order shall be excluded from the portion of the examination (and any record thereof) concerning such information, unless the Designating Party whose Protected Material is at issue consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination concerning such material, the Receiving Party must ensure that the attorney provides an "Acknowledgement and Agreement to Be Bound" attached as Exhibit A to the Protective Order, and to confirm that he or she will comply with the terms of this Order and maintain the confidentiality of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items disclosed during the course of the examination.

9.2     Use at Trial or Hearings.  A Receiving Party may not disclose, directly or indirectly, "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items in a hearing without obtaining an order from the Tribunal (or any court sitting in appeal therefrom) pursuant to sections 7.2(d) or 7.3(d) of this Order that limits access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' ONLY INFORMATION" to those that are authorized to view or have access to it consistent with the provisions of this Order.  If a Receiving Party wishes to disclose, directly or indirectly, "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items in a hearing or trial, it must notify the Designating Party's outside counsel of its intent to disclose such material **at least seventy-two (72) hours in advance of such disclosure**

1   and either request prior written consent to the filing or provide a copy of the order(s) that it obtained

2   pursuant to sections 7.2(d) or 7.3(d) of this Order.[3]

3   10.     FILING OR SUBMISSION OF DESIGNATED MATERIAL WITH THIS COURT.

4           The provisions of Civil L. R. 79-5 govern the filing of any Protected Material with the Court

5   in this Consolidated Action, including, without limitation, the process by which a Designating Party

6   shall receive notice of said filing, and the process by which the Designating Party must establish

7   that the filed material is sealable.  Without written permission from the Designating Party or a court

8   order secured after appropriate notice to all interested persons, a Party may not file in the public

9   record in this Consolidated Action any Protected Material.  Protected Material may only be filed

10  under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

11  issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing

12  that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled

13  to protection under the law.  If a Receiving Party's request to file Protected Material under seal

14  pursuant to Civil Local Rule 79-5(e) is denied by the Court, then the Receiving Party may file the

15  Protected Material in the public record in this Consolidated Action pursuant to Civil Local Rule 79-

16  5(e) unless otherwise instructed by the Court.

17  11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

18          MATERIAL.

19          Upon a request from any Producing Party who has inadvertently produced Disclosure or

20  Discovery Material that it believes is privileged and/or protected, each Receiving Party shall

21  immediately return such material and all copies to the Producing Party, or destroy such Disclosure

22  or Discovery Material and certify that destruction to the Producing Party.  Nothing herein shall

---

[3] The Designating Party will keep in confidence the Receiving Party's written notice pursuant to this Paragraph, as well as all information disclosed therein, and will not disclose that information to anyone outside of the Designating Party, including any other Party, except that the Designating Party may submit such information to the Court to seek compliance with this Order provided that the Designating Party seeks an order allowing such information to be filed under seal until such time as the Receiving Party has a reasonable opportunity to seek to seal any such information permanently.

prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Disclosure or Discovery Material and such other information as is reasonably necessary to identify the Disclosure or Discovery Material and describe its nature to the Court in any motion to compel production of such material.  Each Producing Party agrees that in the event that the Court issues an order compelling production of the material that the Producing Party claimed as privileged or protected, the Producing Party will reproduce such material within five (5) business days of the Court's order.

12.      COMPETITIVE DECISION-MAKING BAR

Absent prior written consent from the Designating Party, any individual who, after the date of this Order, receives access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items that are produced, re-produced or deemed produced in this Consolidated Action shall not be involved in competitive decision-making for a Receiving Party, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), relating to the subject matter of the Information or Items accessed by the individual. This bar shall begin when access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items is first received by the affected individual in connection with the U.K. Class Action and shall end one (1) year after the date the affected individual ceases to have access to the materials.  A Receiving Party that provides "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items to any person that has not signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) shall be responsible for ensuring that person's compliance with this Order.

13.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
          LITIGATION

If a Party is served with a subpoena, a court order, or other administrative agency order issued in other litigation or proceeding anywhere in the world that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," that Party must:

(a)    promptly (within five working days) notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena, a court order, or other administrative agency order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" before a determination by the court or administrative agency from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court or administrative agency of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

14.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN CONNECTION WITH THE U.K. CLASS ACTION**

14.1    The terms of this Order are applicable to information belonging to a Non-Party that is not a Subpoenaed Party (e.g., Nokia, Ericsson, InterDigital) in this Consolidated Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." Such information produced in connection with this Consolidated Action and the U.K. Class Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

14.2    In the event that a Subpoenaed Party is required, by a valid discovery request or order, to produce a Non-Party's confidential information in its possession, custody or control, and the Subpoenaed Party has a contractual or legal obligation not to produce the Non-Party's confidential information, then the Subpoenaed Party shall:

(a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation and the relevant discovery request(s); and

(c)     make the information requested available for inspection by the Non-Party.

14.3    If the Non-Party fails to object or seek a protective order from this Court within ten (10) business) days of receiving the notice and accompanying information, the Subpoenaed Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Subpoenaed Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by this Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

15.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

16.    MISCELLANEOUS

16.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

16.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Subpoenaed Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

17.    FINAL DISPOSITION

Within 60 days after the final disposition of the U.K. Class Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all solicitors' or counsel's notes, pleadings, witness statements, skeleton arguments, applications, draft orders, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4. This provision does not create an obligation to search for transitory or deeply stored soft copies of Protected Material which may exist but which cannot be recovered without undue expense or burden, provided that such documents and/or information will be promptly deleted in the event of the restoration of such copies.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 7/26/2024                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                                    By    _/s/ Leo D. Caseria_____
                                          LEO D. CASERIA
                                          MONA SOLOUKI
                                          Attorneys for
                                          SAMSUNG SEMICONDUCTOR, INC. and
                                          SAMSUNG ELECTRONICS AMERICA, INC.

DATED: 7/26/2024                    HAUSFELD LLP


                                    By    _/s/ Mary S. Van Houten Harper_____
                                          MARY S. VAN HOUTEN HARPER
                                          Attorneys for Petitioner
                                          CONSUMERS' ASSOCIATION

DATED: 7/26/2024                    NORTON ROSE FULBRIGHT US LLP


                                    By    _/s/ Richard S. Zembek_____
                                          RICHARD S. ZEMBEK, _pro hac vice_
                                          Attorneys for Petitioner
                                          QUALCOMM INCORPORATED

DATED: 7/26/2024                    DAVIS WRIGHT TREMAINE LLP


                                    By    _/s/ James R. Sigel_____
                                          JAMES R. SIGEL
                                          Attorney for
                                          APPLE INC.


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED: _____         _____
                                    HONORABLE EDWARD J. DAVILA
                                    UNITED STATES DISTRICT JUDGE

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of IN RE: CONSUMERS' ASSOCIATION LITIGATION, Case No. 5:23-cv-80322-EJD.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL

<u>EXHIBIT B</u>

<u>Which:</u>

Charmian Averty
Mehraah Morgan
Lisa Webb
Thomas Clark
Gurpreet Chhokar
Andrew Pickard.

<u>Qualcomm:</u>

David Greenfield
Kurt Kjelland
Sarah Bennington
Alvaro Ramos
Chris Longman

PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL